# Brantley, *et al. v.* Thomas.

## *Claim Suit.*

(Decided November 4, 1915.    70 South. 122.)

1. *Partnership; Dissolution; Suit; Joint Ownership.*—In a claim suit, where plaintiff claimed under an execution issued and levied upon the property of the execution defendant, where claim was interposed by a joint claimant under a mortgage executed by the execution defendant to a partnership, of which the joint claimants were the surviving members claiming as individuals, they were bound to show that the property was theirs jointly, and this they could do only by proof of the dissolution of the partnership, and that they were its surviving members.

2. *Same; Action by or Against; Pleading.*—The provisions of section 3969, Code 1907, are without application in this character of suit, since it involved a determination of whether the property was that of defendant in execution, or of the joint claimants, and was not an action by or against a partnership.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Claim suit between E. Perry Thomas, as execution plaintiff, and W. H. and J. T. Brantley, as surviving partners. Judgment for plaintiff, and claimants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts of 1911. Affirmed.

Plaintiff claims under an execution issued and levied upon certain property as the property of U. B. Head, defendant in execution, and claimant claims under a mortgage made by said U. B. Head to T. K. Brantley & Sons. The other facts sufficiently appear.

W. H. STODDARD, and A. B. FOSTER, for appellant.

F. B. BRICKEN, for appellee.

MCCLELLAN, J.—(1) This was a claim suit, the appellee being the plaintiff (in execution) and the ap-

pellants the claimants. The affidavit of the claimants set forth that their superior claim to the property was derived from a mortgage executed to a named firm of which they were surviving partners. The court made up the issue as the statute directs. The evidence was entirely silent upon the essential condition to the right and title these two claimants asserted, viz., that the firm, mortgagee, had been dissolved by death of one of the members, and that these claimants were the surviving members of the firm. The court correctly gave the general affirmative charge for the plaintiff, at his request. The right and title the claimants had the burden to sustain, after prima facie case made by the plaintiff, required proof of their common right and title, derived from the mortgage executed by the defendant in the execution. It was their obligation to show that the property described in the affidavit was, as they claimed, theirs jointly, and this they could only do through evidence tending to prove the dissolution of the firm and their survivorship.—*Gottingham v. Armour,* 109 Ala. 421, 19 South. 842.

(2) The statute (Code, § 3969) is without application or effect in these circumstances; and so far the reason, among others, that the issue, made up by the court in the claim suit, was, whether the property was the property of the defendant in execution or of the claimants, the claimant being individuals who asserted their joint individual, not a firm or corporate, right and title. The action as formed was neither for nor against a partnership. The case is governed by the authority above cited.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.