(81 South. 860)

BIRMINGHAM FERTILIZER CO. v. BELL et al. (4 Div. 577.)

(Court of Appeals of Alabama. May 13, 1919.)

1. APPEAL AND ERROR ⬧1170(12) — JUDGMENT FOR RIGHT PARTY—TECHNICALITIES—COURT RULE.

Where plaintiff levied on personal property as belonging to judgment debtors, and two minors by their mother, one of judgment debtors, appeared and proved the property belonged to them, and their claims were not filed or tried separately, plaintiff's technical contention that the law should condemn their property to the satisfaction of its debt, because not shown to be joint property, must fail, where the judgment was for the right parties, in view of Supreme Court Rule 45 (175 Ala. xxi, 61 South. ix).

2. APPEAL AND ERROR ⬧1074(2) — HARMLESS ERROR — JOINT CLAIM OF PROPERTY LEVIED UPON UNDER EXECUTION—SEPARATE OWNERSHIP.

Where minors claiming property levied upon as belonging to others did not file their claims separately, and were not joint owners of the property, no additional burden was placed upon the judgment creditor by failure to separate claims, and the error must be deemed harmless.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by the Birmingham Fertilizer Company against M. K. Norton and wife, in which the plaintiff secured judgment, execution being levied upon a piano and certain furniture, and William Bell and another, minors, by their next friend and mother, Katie M. Norton, claimed such piano and furniture, and from a judgment for plaintiff for part of the property and for the defendants for the balance plaintiff appeals. Judgment affirmed.

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

G. L. Comer, of Eufaula, for appellant.

McDowell & McDowell, of Eufaula, for appellees.

SAMFORD, J. The plaintiff obtained a judgment against M. K. Norton and his wife, Katie M. Norton, and execution issued and was levied on a piano, a suite of furniture, a washstand and a hatrack, as the property of Katie M., one of the defendants in execution. The claimants (both being infants and children of the wife of Norton by a former husband), by their next friend, Katie M. Norton, their mother, by affidavit and bond as required by statute, interposed claim to all of the property levied upon. There was evidence that when the property was levied on it was in the possession of Katie M., one of the defendants in execution. The evidence showed that the piano was the property of the girl claimant, and that the suite of furniture and washstand was the property of the boy claimant, and that it had been purchased and given to them by their father, who was then dead, and that they, being in the custody of the mother, she had kept the possession of the property for them. The jury so found as to the above property, and there was sufficient evidence to warrant such a finding.

[1] The plaintiff insists, however, that even if this be so, still it was entitled to the general charge as requested by it, for the reason that the undisputed evidence shows, even if claimants did own the property as gifts from their dead father, and their mother, one of the defendants in execution, who had married again, had no interest in it whatever, that the claimants owned specific articles individually and not jointly, and therefore, because the claims had not been filed and tried separately, the law ought to condemn their property to the satisfaction of plaintiff's debt against their stepfather and their mother. We are not unmindful of the cases of Brantley v. Thomas, 194 Ala. 346, 70 South. 122, in which the rule is laid down that where joint ownership is asserted it must be proved, but we fail to be able to see that the error of the court in refusing to give at the request of plaintiff the general charge has in any way injuriously affected the substantial rights of the plaintiff. On the contrary, assuming that the jury found correctly that the children owned the property, if there ever was a case where substantial justice was done, notwithstanding the error of the court, it is presented in the present record, and emphasizes the wisdom of rule 45 of the Supreme Court (61 South. ix[1]) in giving to the appellate courts the power, in proper cases, of rendering flexible the technical rules of pleading and practice to the end that the property of innocent children may not be condemned to the satisfaction of process to which they were in no way connected.

[2] If the fact that the property involved in this case was owned separately and not jointly by the claimants had put any additional burden on the plaintiff in the trial of the case, the rule of error without injury could not apply, but where it clearly appears that such is not the case, and to apply the rule would result in permitting the plaintiff to condemn the property of another, against whom it had no claim to the satisfaction of its judgment, the result is probably the same as if the claims had been tried separately, and therefore as without injury. For this reason, the judgment is affirmed.

Affirmed.