# Hudson, Kennedy & Co. *v.* Vaughan's Executors.

## Bill in Equity for an Account.

1. *Matters of account; equity jurisdiction.*—In matters of account, growing out of privity of contract, and not dependent upon some peculiar relation between the parties, the jurisdiction of equity rests upon the inadequacy of legal remedies, and if the accounts are not complicated, and there is no necessity for a discovery, a court of equity will not take jurisdiction.

2. *Same; mortgage on crops; remedy at law.*—Where a party, claiming crops under a mortgage executed by a tenant, recognizing the landlord's superior lien for rent, agrees with him to gather and hold the crops subject to his lien, the landlord has an adequate remedy at law, under the contract, and cannot come into equity in the absence of special circumstances. While the crops remain in possession of the mortgagee uncontroverted, he can pursue his statutory remedy by attachment; and a conversion of them would be a tort for which he might maintain a special action on the case, although he may not have such a title as would support trover, trespass, or detinue.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. CHARLES TURNER.

The complainant, S. W. Vaughan, (appellee,) let two of his plantations for the year 1873, to one Jarvis Harris for $3,000. The defendants, Hudson, Kennedy & Co., (appellants,) were Harris' commission merchants, and had a mortgage on all his crops, second only to the landlord's lien. Shortly prior to November 1, 1873, other creditors of Harris levied upon and took possession of his mules, and thereby broke up his operations, and demoralized his labor, and

[Hudson, Kennedy & Co. v. Vaughan's Executors.]

Harris abandoned the premises, leaving the crops ungathered and liable to waste. At this time Harris owed Vaughan the $3,000 rent, secured by landlord's lien, and Hudson, Kennedy & Co. $3,868, secured by mortgage on the crops. It appearing that neither the landlord nor the commission merchants could realize on their claims except by gathering and saving the crops themselves, it was agreed that they should be gathered by Hudson, Kennedy & Co., who recognized Vaughan's right of priority to the extent of his lien, and held themselves responsible to him for the proceeds of the crop until his rent should be paid. Hudson, Kennedy & Co. therefore furnished hands, mules, and supplies, including bagging and ties, gathered, ginned, and baled the cotton, threshed and sacked the oats, hauled the crops to Selma, delivered all the oats and eighteen bales of cotton to Vaughan to be sold, and sold the balance themselves, with Vaughan's consent, and accounted to him for the net proceeds by payments from time to time, and by rendering him the balance in their hands before suit was brought. The crops turned out to be very short, and the entire net proceeds proved to be insufficient to pay the rent, and Vaughan claimed that Hudson, Kennedy & Co. were accountable to him for the gross proceeds of the *crops*, without deducting the expense of gathering, hauling, saving, and marketing them, and filed his bill to enforce this claim, praying an account for the amount due from Harris, and for general relief. Defendants demurred to the bill for the want of equity, alleging that it charges no fraud, seeks no discovery, makes out no case of complicated accounts, and the remedy at law is adequate and complete. The demurrer was overruled. In the final decree the chancellor held the complainant entitled to relief as prayed; that defendants were accountable to him for the gross proceeds of the crops, without any allowance or deduction for the expense of gathering or marketing; and that Vaughan was entitled to $200, as damages for the breach of Harris' covenant to build a fence, and that Vaughan has a lien on the crops for this $200. Defendants allege that Hudson, Kennedy & Co. received nothing on their own debt of $3,800; nothing for their own time, labor, and attention; but they expended in money and materials nearly $900, in saving the crop, for Vaughan's benefit, and under his express authority, for which they were allowed no credit. The decrees of the court, in overruling defendant's demurrer, and granting complainant the relief sought, are now assigned as error.

Vol. LVII.

[Hudson, Kennedy & Co. v. Vaughan's Executors.]

BROOKS & ROY, for appellants.—1. The demurrer should have been sustained. Equity has no jurisdiction to enforce the landlord's lien in any case. It can only be enforced by attachment—the mode prescribed by the statute creating the lien. When a purely statutory right is given, and a purely statutory remedy is prescribed, that remedy, and that alone, can be pursued.—*Foster v. Westmoreland et al.* 52 Ala. 223; *Janney v. Buell and Wife*, December term, 1876, 5 Ala. 239, 423; 2 Brick. 464, § 6; *Campbell v. Hatchett*, December term, 1876. Such an account as that prayed was not a ground of equity jurisdiction. The account must be so complicated as to require the aid of equity jurisdiction. 8 Ala. 743, and authorities cited; *Dickerson & Lewis v. Garthwaite*, 34 Ala. 638. Equity will not take jurisdiction where an adequate remedy exists at law.—1 Brick. 639, § 3.

2. The decree erroneously held the defendants accountable for the *gross* proceeds of the crop, instead of the *net* proceeds. Hudson, Kennedy & Co. were Vaughan's agents to collect his rents. They could only be collected in the mode and at the expense through which they were collected. Authority to collect included authority to do whatever was proper and necessary to enable them to collect. Authority to do an act includes everything usual and necessary to its accomplishment.—1 Brick. Dig. p. 56, § 44; 9 Port. 385; 1 Ala. 305; 13 Ala. 286.

PETTUS, DAWSON & TILLMAN, *contra*. (No brief came to Reporter.)

BRICKELL, C. J.—The jurisdiction of a court of equity in matters of account, growing out of privity of contract, not dependent on some peculiar relation between the parties, rests on the inadequacy of legal remedies. In the absence of all complexity in the account, and of a necessity for discovery, if it grows out of contract, the remedy at law is adequate, and a court of equity will decline to take jurisdiction.—*Halstead v. Robb*, 8 Port. 63; *Kirkman v. Vanlier*, 7 Ala. 217; *Knott v. Tarver*, 8 Ala. 743; *Crothers v. Lee*, 29 Ala. 337. The liability of the defendants to account with the complainant for the crops, on which he had a statutory lien, as landlord, for the payment of rent, grows entirely out of the contract between the parties. If that contract had not been made, or some agreement by which the defendants became liable to pay the rent, or to account for the crops, there would have been no liability resting on them which

could be enforced at law in an action *ex contractu.* The defendants, having taken possession of the crops, with notice of the complainant's statutory lien, he could have pursued the crops by attachment, so long as they remained unconverted, capable of being seized, the remedy the statute gives for the enforcement of the lien. A conversion of the crops, rendering the statutory remedy unavailing, would have been a tort, for which the complainant could have maintained an action on the case against the defendants, recovering to the extent of the amount of the rent due him, if that was less than the value of the crops converted ; or, if greater, to the extent of the value of such crops.—*Hussey v. Peebles,* 53 Ala. 432. Such would have been the rights and remedies of the complainant, in the absence of the agreement between him and the defendants. The agreement, however, devolves on the defendants the duty of holding the crops subject to his statutory lien, of not disposing of them without his consent, or paying the rents owing him by the tenant. If that agreement has been broken, and the allegations of the bill disclose that it has been, and the demurrer which we are now considering, admits the truth of the allegations, the complainant certainly had an adequate remedy at law, unless it appears there was complexity in the accounts, or a necessity for a discovery. There is no breach of contract for which there is not an adequate legal remedy. There may be peculiar facts and circumstances embarassing the remedy, which will authorize a court of equity to intervene; but when these do not occur, the party must be remitted to his legal remedy, or the boundaries of the jurisdiction of courts of law and equity invaded.

The gravamen of the complaint against the defendant is, that they have not fully accounted to the complainant for the crops grown on the rented premises; that without his consent they have sold parts of the crops, converting them into money, or its equivalent, rendering themselves liable for money had and received; and that they were negligent in gathering and taking care of the crops. These allegations show only that they have broken the agreement made with the complainant, violating the duty they owed him. It can not be doubted that in an appropriate action at law, the complainant could have obtained full redress for the injury of which he complains. The obstacle to an action at law, which is urged by counsel, is that he had no title to the crops, legal or equitable—nothing more than a lien which the statute creating it confines to a bare right to charge them with the

payment of the rent, in priority of all other claims upon them; and therefore, it is supposed, he had not an adequate legal remedy. It is certainly true, the statutes creating the lien confer on the landlord no right of property, which would enable him to maintain an action of trover, trespass, or detinue, if the crops are wrongfully converted, taken away, or detained by a tortfeaser—nor any right of property capable of assertion against the tenant. But the bill discloses that the defendants were mortgagees of the tenant, clothed with title to the crops, and recognized and submitted to the complainant's lien as prior to their right, and agreed to hold in subordination to it. Whatever may have been the nature of the complainant's rights as to the crops, his interest in this contract is strictly and purely legal, and is that which arises to the promissee of every contract, supported by a valuable consideration. There was no necessity for him to have shown more than the contract expresses, or necessarily implies, the priority of his right to charge the crops with the payment of the rent. This appearing, the consideration of the contract appears, and the defendants could not have been heard to assert that he had not property in the crops, as a defense for not observing the duties they had assumed. Any dispute by the defendants, of the priority of the complainant's right, or any assertion of a superior right in themselves, would have been a plain violation of the obligations of the contract, and would not have been more allowable in a court of law, than in a court of equity.

It is again insisted, that the complainant having a lien on the crops, and the defendants having converted them with notice, the proceeds of the crops may, in equity, be pursued and condemned to the satisfaction of the demand for rent; that by the contract, the complainant expressly reserved his lien, and its enforcement by attachment at law having been rendered impossible by the conversion of the crops, there is no adequate remedy for its enforcement, except in equity, to charge the defendants, as the crops could have been charged, if not converted. There was, however, an adequate remedy at law. If the contract had not been made, imposing on the defendants the duty of accounting for the crops, as we have said, the conversion of them, rendering unavailable the remedy by attachment for the enforcement of the lien, would have been a tort, capable of full redress, in a special action on the case. The contract having been made, it was a breach of the duty and obligation it imposes. The bill not disclosing any complication of accounts, not being for discov-

ery, and showing no more than a breach by the defendants of the duty imposed on them by their contract, was subject to the demurrer interposed, and the chancellor erred in overruling it. This conclusion renders unnecessary a consideration of the other questions involved.

Let the decree be reversed, and the cause remanded.