# Munchus *v.* Harris.

*Bill in Equity by Widow for Specific Performance of Contract of Purchase by Deceased Husband of Homestead.*

1. *Homestead exemption in favor of widow; by what law determined.* Except as against creditors of a decedent, the right of the widow to a homestead exemption is determined by the law in force at the time of the decedent's death.

2. *Same; may be carved out of equitable estate.*—An equitable title, which the husband had in the homestead, at the time of his death, under a contract of purchase, under which a part of the purchase-money had been paid, but no conveyance of the legal title made, will support a right in the widow (there being no minor children) to a homestead exemption; and such homestead is protected, as against third persons, from levy and sale.

3. *Homestead exemption in favor of widow; when not affected by removal from the State.*—Under the act of April 23d, 1873, if a man die leaving a widow, but no minor children, and, at the time of his death, he was a resident of this State, and then occupied as a homestead a house and lot, which, under the act, was exempt to him, the right of the widow to a homestead exemption in the lot, as defined by the provisions of the act, attached on the death of the husband; and this right, so far, at least, as concerned the decedent's creditors, was not destroyed by her subsequent removal from the State.

4. *Homestead exemption; extent of, under act of April 23, 1873.*—The homestead exemption in favor of the surviving widow and minor child or children, provided by the act of April 23d, 1873, extended only to a mere retention by them of the possession of the homestead, until it was "ascertained whether the estate was solvent or insolvent;" and it only *vested* in them absolutely in the event of the insolvency of the estate. The ascertainment of insolvency contemplated by the act, was a regular declaration of insolvency by proceedings in the probate court—a *judicial ascertainment* according to the statutory practice regulating such a procedure.

5. *Allegations and proof; when there is a variance.*—There is a fatal variance between the allegations and proof, when, in the bill, filed by a surviving widow, whose husband died while the exemption act of April 23d, 1873, was of force, leaving no minor children, in which she seeks the specific performance of a contract of purchase made by the husband of a house and lot, which he occupied at the time of his death as a homestead, and which was exempt to him, as such, under the act, the complainant claims the entire ownership of the title of which the husband died seized, while the proof shows, that the husband's estate had not been judicially ascertained to be insolvent, and, therefore, her ownership was only a right

[Munchus v. Harris.]

to *retain* the homestead, as against ordinary creditors and the heirs, until the fact of insolvency has been so ascertained.

6. *Decree dismissing bill absolutely for variance between the allegations and proof; when this court will reverse, and enter decree dismissing bill without prejudice.*—A decree of the chancery court dismissing a bill on account of a fatal variance between the allegations and proof, which may possibly be remedied by amendment, will, on appeal, be reversed by this court, and a decree here entered dismissing the bill without prejudice.

APPEAL from Butler Chancery Court.

Heard before Hon. H. AUSTILL.

The bill in this cause was filed by Anna W. Munchus against Emily E. Harris, and Jonas W. Jones, as the administrator of the estate of Joseph K. Munchus, deceased, for the purpose stated in the opinion. Munchus died in October, 1873, leaving him surviving his widow, the complainant, and three adult, but no minor children. At the time the bill was filed his estate had not been declared insolvent. An amendment to the bill, which was taken as confessed, by decree *pro confesso*, averred, that the estate was in fact insolvent. The original bill was filed on 12th January, 1876. The evidence shows that the complainant, at some time during that month, moved to Texas, but whether before or after the bill was filed, is not clear. The other facts are sufficiently stated in the opinion. On the hearing had on the pleadings and proof, the chancellor was of the opinion, that the complainant had lost her right to relief by her change of residence, and caused a decree to be entered dismissing the bill absolutely and unconditionally as to her, but "without prejudice to the rights of the legal representative or creditors of the estate of J. K. Munchus, deceased." This decree is here assigned as error.

HERBERT & BUELL, for appellant.—(1). Appellant's husband having died in October, 1873, appellant's exemption rights, as his widow, are to be determined by the statute then in force, which was the act of April 23d, 1873 (Pamph. Acts, 1872–3, p. 64).—*Rottenberry v. Pipes*, 53 Ala. 447; *Taylor v. Taylor, Ib.* 135. Appellant having selected the homestead, and having tendered the balance due for the lot, and it being established by the amended bill and the decree *pro confesso* thereon, that the estate of Munchus is insolvent, her right to have the title conveyed to her became perfect and complete. (2). She did not forfeit this right by her removal to Texas pending her suit. The act of April 23d, 1873, does not limit a homestead exemption in favor of the widow and minor children to residents of this State, or to those who continue as such; nor does it require *occupancy* of the premises so exempted, differing materially in this respect from the statutes exempting homesteads from sale under execution. The homestead, under that act, is exempt.

[Munchus v. Harris.]

from the payment of decedent's debts; and if his estate is insolvent, it is also exempt from the claims of *heirs*. It follows, that if there was a forfeiture, the title is in *abeyance*, and the homestead belongs to nobody. Cases cited on this proposition: *Johnson v. Gaylord*, 41 Iowa, 362; *Green v. Crow*, 17 Texas, 180; *Reeves v. Petty*, 44 Texas, 249. (3). The equity to the homestead under the contract of purchase will support appellant's claim of exemption.— *Weber v. Short*, 55 Ala. 311; Thompson on Homestead, §§ 170, 171, 172.

GAMBLE & BOLLING, *contra*.—(1). The bill in this cause was filed on 12th January, 1876. The proof shows that appellant moved to Texas during the month of January, but it is not shown whether she moved before or after she filed her bill. Her removal to Texas was a change of domicil, a voluntary abandonment of the homestead, and a forfeiture of any claim of exemption she may have had.—*McConnaughy v. Baxter*, 55 Ala. 379; *Boyd v. Beck*, 29 Ala. 703; 13 Ala. 805; *Miller v. Marx*, 55 Ala. 330, and authorities cited; *Keiffer v. Barney*, 31 Ala. 192; *Boykin v. Edwards*, 21 Ala. 261; *Alston v. Ulman*, 39 Tex. 157; *Jordan v. Godman*, 19 Tex. 275; Thomp. on Homestead, §§ 91, 93, 263, 284; *Trawick v. Harris*, 8 Tex. 312; *Finley v. Sly*, 44 Ind. 269; *Bell v. Schwarz*, 37 Texas, 572; *Austin v. Stanley*, 46 N. H. 51; *Jarvais v. Moe*, 38 Wis. 448; *Harper v. Forbes*, 15 Cal. 202. (2). The husband not having paid all the purchase-money, he did not, at the time of his death, have a perfect equity in the lot occupied by him as a homestead; and he not having the legal title, we insist, that the lot was not the subject of a homestead exemption in favor of appellant.—Thompson on Homestead, § 167, and authorities cited in note 1.

SOMERVILLE, J.—The bill in this case is one for specific performance. It is filed by the appellant, Anna W. Munchus, as the widow of J. K. Munchus, deceased, to compel the appellee, Emily E. Harris, to convey to her the title of decedent's homestead, which he is alleged to have purchased, but not entirely paid for, prior to his death. The offer of the bill is to pay the unpaid balance of the purchase-money, and the prayer is for a conveyance by the vendor to appellant. It is shown that the decedent left surviving him his widow, and three adult children. The latter, though heirs, are not made parties, but no objection seems to have been taken on this ground.

As the intestate died in October, 1873, the rights of the appellant are to be determined by the act of April 23d, 1873, which was the law in force at this date, regulating the subject of exemptions, although, as against *creditors* of the decedent,

the law in force at the time of the creation of a debt by contract would govern.—*Davis v. Davis*, 63 Ala. 293; *Rottenberry v. Pipes*, 53 Ala. 447.

The theory of the bill is that the title of ·which the intestate died seized vested absolutely in the widow, and that the heirs had no interest. Conceding that the allegations of the bill were true, they showed an equitable title in the land to have been in the deceased, under a contract of purchase, and this would be that character of estate from which a homestead could be carved, and which would be protected from levy and sale as against third persons.— *Weber v. Short*, 55 Ala. 319; *Blue v. Blue*, 38 Ill. 10; Thomp. on Homestead & Ex. §§ 170–1. Nor was it necessary, as the decree of the chancellor assumes, that the complainant should have been in actual occupancy of the property at the time of the filing of the bill. If the decedent was a resident of the State, at the date of his death, and then occupied the house and lot in question as a homestead, this would fulfill the requirements of the statute, so far as concerns, at least, the creditors of the deceased.—*Green v. Crow*, 17 Tex. Rep. 180.

There is a fatal variance, we think, between the allegations of the bill as to the complainant's ownership or claim of interest in the property in question, and the proof in the case. The claim set up in the bill is the entire ownership of the decedent's title of which he died possessed, free from the claim of the heirs. The ownership proved is only a right on appellant's part to *retain* the homestead, as against ordinary creditors and against the heirs, until the insolvency of the estate is ascertained.

The exemption law in force at the time of Munchus' death provided for a homestead exemption for the benefit of the widow, and any minor child or children, who might survive him, and allowed the premises, not exceeding two thousand dollars in value, to be "retained" by them until it was "ascertained whether the estate was solvent or insolvent;" and if, the estate was proved to be insolvent, it *vested* in them absolutely.—Acts 1872–3, §§ 3 and 15, pp. 65, 69; *Miller v. Marx*, 55 Ala. 322.

It was decided, at the present term, in the case of *Baker v. Keith*, that the ascertainment of insolvency, referred to in this act, is a regular declaration of insolvency by proceedings in the probate court, *judicially ascertained* according to the statutory practice regulating such a procedure. We adhere to the rule there announced. There may, perhaps, be cases of collusion, or such gross dereliction of duty on the part of an administrator so closely allied to fraud, as would, on proper averment and proof, take a case out of the operation of this rule, and dispense with the necessity of an actual declaration of insolvency. This point is not, however, before us for decision.

For the variance above mentioned between the *allegata* and *probata,* the dismissal of complainant's bill may be considered as free from error.   This point, and the materiality of such a variance, are fully settled by the past decisions of this court, which we refer to without discussion.— *Winter v. Merrick & Sons, ante,* 86; *Crabb v. Thomas,* 25 Ala. 212; *Larkins v. Biddle,* 21 Ala. 252.

As these defects may be remedied possibly by amendment, it was proper to dismiss the bill without prejudice, and the chancellor having failed to do this, we feel it to be our duty, pursuant to the usual practice of this court in such cases, to reverse the decree of the chancellor, and render the decree here which he should have done.   The decree is accordingly reversed, and the bill is here dismissed, at the cost of the appellant, without prejudice to the rights of complainant or other interested parties.— *Cameron v. Abbott,* 30 Ala 416.