# *Ex parte* Robinson.

*Application for Mandamus to Chancellor, in matter of Taxation of Costs.*

1. *Costs in chancery.*—In the imposition of costs, the chancellor exercises a legal discretion, governed by precedents and by general rules applicable to the varying circumstances of particular cases; and this discretion is fully exercised and exhausted, when a decree for the payment of costs is embodied in a final decree settling the equities of the case, defining and declaring the rights of the parties.

2. *Same; final decree as to, not amendable or revisable at subsequent term.*—While clerical errors may be corrected at a subsequent term, the sentence and judgment of the court—that which has been deliberately ordered and adjudged in the final decree—can not be changed or modified at a subsequent term; and this is as true of that part of the decree which adjudges the costs, as of any other part.

This was an application, by petition, by Patrick Robinson and W. T. Hatchett (the latter in his representative character as administrator of the insolvent estate of John Lawler, deceased), for a writ of *mandamus* directed to Hon. JOHN A. FOSTER, chancellor, presiding in the Chancery Court at Montgomery, requiring him to vacate and set aside a decree rendered in a cause pending in said court, in the matter of the apportionment of costs. A transcript of the record of the cause, showing the proceedings had therein, was made an exhibit to the petition filed in this court, from which these facts appear: In February, 1874, Patrick Robinson, claiming to be the owner of a judgment rendered against William T. Hatchett as the administrator of the estate of John Lawler, deceased, filed his bill in said Chancery Court, against said Hatchett as administrator, and against the Montgomery Mutual Building and Loan Association, a domestic corporation; alleging that said Lawler in his life-time had executed to said corporation a mortgage to secure a note given for money borrowed; that Lawler's estate had been declared insolvent, and that the association was proceeding to foreclose the mortgage by a sale under the power therein contained, and was claiming usurious interest and illegal charges in excess of the amount justly due on the debt. The bill prayed an injunction of the sale under the mortgage, a discovery and account of the mortgage debt, and general relief. An answer to the bill was filed by the defendant association, denying the charge of usury, and demurring to the bill on various grounds specifically assigned. An answer was filed by the administrator, admitting all the allegations of the bill; and he also filed a cross-bill, charging usury in the mortgage debt, and asking a discovery and account. At the October term, 1882, of said court, a decree was rendered in said cause as follows: "This cause, coming on to be further heard, was submitted on the original and cross bills, upon the pleadings, former decrees, testimony heretofore offered, and report of the register confirmed at this term of the court. It appears from said report that," after deducting all credits, the amount due to the said association is $300.68; and it is therefore adjudged that the association is entitled to have the property conveyed by the mortgage sold in satisfaction of this balance, and the register is ordered to make the sale; and the decree then proceeds: "The register will pay over to the solicitor or other

authorized agent of said association, out of the proceeds of said sale, the said sum of $300.68, with interest thereon from the 14th October, 1882, to the day of payment, less the costs of this cause, if the said proceeds shall amount to that much; and if such proceeds shall not amount to that much, then the register will pay over as aforesaid whatever sum shall have been realized, less the costs of this cause. After paying as above prescribed, the register will pay over to said W. T. Hatchett, the complainant in the cross-bill, the balance of said proceeds, less the amount retained for costs, if any there shall be, to be by him administered as assets of the estate of said John Lawler, deceased, under the orders and decrees of the Probate Court of Montgomery. It is further ordered, adjudged, and decreed by the court, that the Montgomery Mutual Building and Loan Association, defendant to the original and cross bills, shall pay all the costs of this cause, to be retained as above provided." At the next ensuing term of the court, on motion of the defendant association, the chancellor modified the decree as to the payment of costs, and apportioned them between said association and the administrator, imposing one-half on each. On a subsequent day of the term, a motion was made by Robinson, the complainant in the original bill, for a revocation of this order, on the ground that the court could not thus change the final decree rendered at the preceding term. The chancellor overruled and refused this motion, and his refusal is the ground of the application to this court.

SAYRE & GRAVES, for the petitioners.

D. CLOPTON, *contra.*

BRICKELL, C. J.—In the imposition of costs, the chancellor exercises a legal discretion, governed by precedent, and by general rules applicable to the varying circumstances of particular cases. But this discretion is exercised and exhausted, when a decree for the payment of costs is embodied in a final decree settling the equities of the case, and defining and declaring the rights of the parties. If from such a decree an appeal was taken, the decree as to costs would be open to modification or reversal, if in other respects there was found in it error, or that an alteration of it was just and equitable. In the execution of the decree, and as to matters subsequently arising, a further consideration of the cause may be, and is usually, necessary in the Court of Chancery; but upon such consideration, the term of the court at which the decree was passed and entered having expired, it is not within the competency of the court, upon mere motion, to vary or impugn in any material

respect the original decree.—2 Dan. Ch. Pr. 1371. Clerical errors or omissions may be corrected; but the sentence of the court, that which has been deliberately ordered and adjudged, can not be varied. And this is as true in reference to the decree for costs, as to any other part of the decree, though as to their imposition the court had originally a discretion. The discretion has been exercised, and can not be recalled, without rendering it uncertain when there will be a final sentence disposing of them.

The original decree very clearly and explicitly adjudged the costs against the building and loan association; and though it may have been more equitable that the costs should have been apportioned between the parties, that was a consideration, it is presumed, upon which the judicial mind passed judgment. Courts can not reverse or annul their own judgments or decrees at a term subsequent to their rendition, because of errors of fact or law, upon the mere summary motion of parties supposing themselves to be aggrieved.—*Ex parte Cresswell*, 60 Ala. 378.

A rule *nisi* will be granted, requiring the chancellor, on the first day of the next term of this court, to show cause why a peremptory *mandamus* should not issue in accordance with the prayer of the petition.

STONE, J., not sitting.