# Cottingham v. Armour Packing Co.

## Statutory Claim Suit.

1. *Assignment of error in transcript; abstract does not dispense with.*
An assignment of errors in the transcript on appeal is not dispensed
with by the rule in respect of abstracts.

2. *Joint claim to attached property; proof of joint or common owner-
ship necessary, to support.*—Where two persons jointly claimed at-
tached property, and, on the trial of the issue, the burden of proof
was shifted upon them by evidence of the plaintiff showing *prima
facie* that the property was subject to the attachment, it was incum-
bent on them to show that the property belonged to them jointly or
in common,—neither of them being entitled to recover unless both
showed title.

APPEAL from the Circuit Court of Bibb.
Tried before the Hon. N. D. DENSON.

J. M. McMASTER, for appellant.

LANE & WHITE, *contra*.

McCLELLAN, J.—The abstract in this case is ex-
ceedingly imperfect, to say the least. For instance, it
does not appear from it what court the cause was tried
in, what judgment was rendered or is appealed from,
what party prosecutes this appeal, nor who is appellant
and appellee in this case, &c., &c., &c. The appeal

might well be dismissed on account of the insufficiency of the abstract.—*O'Neal v. Simonton, ante* p. 369. Again, there is no assignment of error in the transcript. This is not dispensed with by the rule in respect to abstracts. The judgment might well be affirmed on this ground.

The abstract shows, in one way or another, that an attachment at the suit of the Armour Packing Company was levied on a stock of goods, as the property of E. N. Cottingham & Co., defendants in attachment, and that J. M. Cottingham and M. A. Suttle jointly interposed a claim to the property. On the trial, upon issue made up by the court, the plaintiff in attachment showed *prima facie* that the property was subject to the levy. To rebut this *prima facie* case, the burden was shifted onto the claimants to show that the property did not belong to the defendants in attachment, but to themselves. This they undertook to do by showing that defendants, before the levy, had sold and transferred the stock of goods to them in payment of antecedent debts due to them from the defendants; and, as part of their evidence, they introduced a bill of sale executed by E. N. Cottingham & Co. and the members of that firm, E. N. Cottingham and J. L. Suttle individually, selling and conveying the stock of goods to J. M. Cottingham and M. A. Suttle, on a recited consideration of $15,096.52, alleged therein to be the aggregate of the firm's indebtedness to the grantees, severally; it being recited that the debt to J. M. Cottingham was $8,983.02 and to M. A. Suttle was $6,113.52. It was shown that the defendants were insolvent at the time of this transaction, that J. M. Cottingham knew it, and that the debt of plaintiff was in existence at the time. There was evidence going to prove the debt of J. M. Cottingham, but there was no evidence to support the alleged debt of M. A. Suttle, but, to the contrary, it was affirmatively shown that the defendants owed her nothing. On this state of case, the claimants were not entitled to a verdict. Under the issue as tendered by their joint claim, and as made up under the direction of the court, the burden being shifted upon them by the evidence of the plaintiff showing *prima facie* that the property was subject to the attachment, they were called upon to show that the property belonged to them jointly

or in common. Neither could recover unless both showed title. The evidence, without conflict, clearly showed that the sale was fraudulent and void as to one, M. A. Suttle ; and the court, therefore, properly gave the affirmative charge against both. This action of the court is the only error stated in the abstract, and the judgment must be

    Affirmed.