(101 So. 884)

BUSH v. HILL GROCERY CO. (6 Div. 230.)

(Supreme Court of Alabama. Oct. 30, 1924. Rehearing Denied Nov. 27, 1924.)

1. **Landlord and tenant** ⬅️207(1)—**Purchaser of bankrupt's stock held not liable for rent of storehouse.**

Purchaser of bankrupt's stock, "free and clear of all liens and incumbrances," *held* not liable for rent of storehouse for month in which sale was confirmed and possession obtained, where lessor refused his request to rent it, made promptly on trustee's delivery of keys 10 days after confirmation of sale, and he removed goods within reasonable time thereafter.

2. **Landlord and tenant** ⬅️1—**Express or implied contract and relation importing rights and duties of landlord and tenant necessary to create relation.**

To create relation of landlord and tenant, between owner and one in lawful possession, there must be contract, express or implied, creating such relationship, and relation between parties importing like rights and duties.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Suit for rent by W. D. Bush against the Hill Grocery Company. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Counsel argues for error, but without citation of authorities.

William S. Pritchard and John D. Higgins, both of Birmingham, for appellee.

The action for use and occupation is founded on a contract, express or implied, and, to sustain it, it must appear that the relation of landlord and tenant existed between the parties. Hamilton v. House, 6 Ala. App. 86, 60 So. 429; Matthias v. Foster, 102 Ga. 556, 28 S. E. 606; Crim v. Nelms, 78 Ala. 604; 24 Cyc. 877; Tucker v. Adams, 52 Ala. 254. The purchaser at judicial sale did not become the tenant of the landlord and had a reasonable time to remove the goods. Brittain v. McKay, 23 N. E. 265, 35 Am. Dec. 738; Smith v. Tritt, 18 N. C. 241, 28 Am. Dec. 568; Raventas v. Green, 57 Cal. 254; Hartwell v. Bissell, 17 Johns. (N. Y.) 128; Whipple v. Foot, 2 Johns. (N. Y.) 418, 3 Am. Dec. 442.

GARDNER, J. Suit by appellant against appellee for the recovery of one month's rent for a certain storehouse of plaintiff. The cause was tried before the court without a jury, upon an agreed statement of facts, resulting in a judgment for defendant, from which plaintiff has prosecuted this appeal.

Plaintiff's storehouse had been occupied by one Jones, who rented by the month only. Jones went into bankruptcy March 15, 1922, and one Bradley was appointed receiver and trustee, and as such trustee obtained an order for the sale of the bankrupt stock on April 19, 1922; the order of sale directing that it be made "free and clear of all liens and incumbrances." The property was offered for sale April 29, 1922, pursuant to the order of the referee, and defendant bid $1,075 in cash. This bid was reported to the referee May 3d. The trustee was directed to deliver the goods to defendant upon payment of the purchase price, and on May 13th there-

after the trustee delivered the keys to the store to the defendant.

As we read and understand the agreed statement of facts the goods were in fact delivered to defendant on said May 13th. Promptly upon delivery of the keys, defendant requested plaintiff to rent the storehouse to it, but was refused, and on or before May 15th the goods were removed by defendant. The rent to May 1st had been duly paid, and this suit only concerns the rent claimed to be due for the month of May.

[1, 2] We are of the opinion that under the agreed statement of facts the trial court correctly found for the defendant. It purchased the goods free from all liens and incumbrances, and became the purchaser in fact on May 3d, when the sale was confirmed, but actually obtained possession from the trustee on May 13th. That there was no express contract for rent is conceded, an offer to that effect being made and refused, and that he thereafter removed them, as such purchaser he had a right to do within a reasonable time, does not appear to be seriously questioned. Brittain v. McKay, 23 N. C. 265, 35 Am. Dec. 738. The possession was lawful, and in order to create the relation of landlord and tenant there must have been a contract, express or implied, creating such relationship, and there must have been a relation between the parties imparting like rights and duties. Burgess v. Am. Mortgage Co., 115 Ala. 468, 22 So. 282; Hamilton v. House, 6 Ala. App. 86, 60 So. 429.

Under the circumstances here disclosed no such contract or relation is shown, and the trial court correctly so held. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.