(101 So. 885)
STOKES et al. v. STOKES et al.
(4 Div. 131.)

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied Nov. 27, 1924.)

1. Partition ⊂⇒55(4)—Prayer in bill for sale of lands for distribution that debts due one of decedents from heirs be charged against their respective interest held authorized.

Where owner of lands died intestate, and wife later died intestate, having fractional interest therein, bill to have lands sold for division to heirs, in praying that debts of heirs due estate of mother be charged against their respective interests in part descended from her, *held* within Code 1923, § 9334.

2. Appeal and error ⊂⇒655(1)—Question of unnecessary matter in record not presented where no motion to expunge made.

In view of Code 1923, § 6110, question of unnecessary matter in transcript of proceedings not before court on appeal, where no motion to expunge was made.

On Rehearing.

3. Equity ⊂⇒222—Prayer for excessive relief not ground for demurrer.

Where owner of lands died intestate, and wife later died intestate, having fractional interest therein, and bill sought to have lands sold for division, additional prayer to have debts due estate of mother by certain of heirs charged against entire distributive interest of those heirs instead of their interest in fractional part descended from her *held* not ground for demurrer as seeking excessive relief.

4. Partition ⊂⇒55(2)—Bill for sale of land for distribution need not allege fractional interest of heirs at law.

Bill for sale of land for distribution need not specifically allege in figures respective interests of cotenants therein, where entire estate came to heirs by descent and as matter of law vested in equal parts.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill in equity by James A. Stokes and another against Daniel I. Stokes and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill is filed by James A. and W. S. Stokes against Daniel I. and John A. Stokes, Addie Teel, Mary Barton, Grover Stokes, S. K. Fleming, Buna and Florence Hicks, and Nora Parnell. It is averred that all the parties to the suit, except S. K. Fleming, were the children of W. S. and Nancy C. Stokes; that W. S. Stokes died the owner and possessor of the lands described in the bill, and left surviving him his widow, the parties hereto (except Fleming) and one other child, Charles, who died leaving no wife or child; that W. S., Nancy C., and Charles Stokes died without leaving any last will or testament; that there was no administration upon the estate of either, and that there is no necessity for administration, all debts having been paid; that upon the death of W. S. Stokes the lands descended, subject to homestead and dower rights of the widow, in equal shares to his children (parties hereto); that upon the death of Charlie Stokes his one-tenth interest descended one-half to his mother and the remainder in equal parts to his surviving brothers and sisters; and that on the death of the mother, Nancy C. Stokes, her undivided one-half interest of the one-tenth interest of her son Charles descended to the surviving children in equal parts.

It is averred that at the time of her death Nancy C. Stokes owned personal property, the amount, nature, and location of which is unknown to complainants, but known to respondents; that respondents John A. Grover and Daniel I. Stokes, or some one or more of them, have the possession and control thereof, and that they each are and were at the time of her death indebted to Nancy C. Stokes in sums unknown to complainants; and that the interests of said respondents should be charged accordingly.

It is further averred that, after the death of Charlie Stokes, the respondent John A. Stokes conveyed his then undivided interest in the land to Nancy Stokes, which, upon the death of Nancy Stokes, descended in equal parts to the parties, excepting Fleming; further (by amendment) that S. K. Fleming is reputed to claim some charge or incumbrance against the interest, or some interest, of respondent John A. Stokes, either one-tenth or one-ninth of one-tenth undivided interest, by reason of a judgment rendered in the circuit court in favor of said Fleming and against said respondent; that, if Fleming is not a joint owner and tenant in common of the lands, and John A. Stokes does not own an undivided one-ninth interest, then, it is alleged, that Fleming is a joint owner and tenant in common of such lands, owning an undivided one-tenth interest therein, and that John A. Stokes owns an undivided one-ninth of one-tenth interest therein; that the lands cannot be equitably divided among the joint owners and tenants in common without a sale thereof, and that, in any event, if John A. Stokes owned any interest at the time of suit filed, such interest was charged with the alleged judgment lien of Fleming; that in order for complete title to pass to the purchaser by a sale under decree it is necessary that the claims and equities of respondents Fleming and John A. Stokes be cleared and the interest passed by the conveyance from John A. Stokes to Nancy C. Stokes be determined.

The prayer of the bill is for a sale of the lands for division of the proceeds among the parties; for an accounting by those found to be indebted to the estate of Nancy C. Stokes or to have converted the assets of such estate, "and that the same be charged against and deducted from any share or interest in such estate or the lands which are involved in this cause"; that respondent be required to answer, etc., and for general relief.

Thigpen, Murphy & Jones, of Andalusia, for appellants.

The bill is demurrable for failure to allege with certainty the respective interests of the parties. Martin v. Cannon, 196 Ala. 151, 71 So. 996. It is multifarious. Code 1907, § 3095; McDaniel v. Turnipseed, 165 Ala. 189, 51 So. 757; Bentley v. Barnes, 155 Ala. 659, 47 So. 159. It is demurrable for failure to allege peaceable possession. Code 1907, § 5444; Brown v. Feagin, 174 Ala. 438, 57 So. 20.

A. Whaley, of Andalusia, for appellees.

The estate and all parties being before the court, no administration being sought otherwise, the court will do complete equity in the premises. Comer v. Shehee, 129 Ala. 588, 30 So. 95, 87 Am. St. Rep. 78; Marshall v. Marshall, 86 Ala. 383, 5 So. 475; Webb v. Butler, 192 Ala. 295, 68 So. 369, Ann. Cas. 1916D, 815; Stone v. Knickerbocker, 52 Ala. 589; Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102. The bill is not multifarious. Sicard v. Guyllou, 147 Ala. 239, 41 So. 474.

SOMERVILLE, J. While precise pleading would require a statement, in terms, of the fractional interest of each of the parties shown to be tenants in common of the lands, yet the interest of each does appear by necessary implication from the facts alleged, whichever alternative averment as to Fleming's interest may be true.

According to the averments of the amended bill Fleming's interest will depend upon the operation of his sheriff's deed upon the interest of John A. Stokes, originally the

owner of a one eleventh interest, to which was added by the death of his brother Charles one tenth of a one twenty-second interest. There is no objection to the averment of alternative theories as to the extent of Fleming's interest, nor is there any impropriety in making John A. Stokes a party respondent to the bill, under that alternative, so that doubtful or conflicting claims may be determined.

Our present statute (Code 1923, § 9334), in force since October 6, 1920, is broader than its predecessor, and provides that—

"The court may adjust the equities between and determine all claims of the several cotenants *or claimants* as well as the equities and claims of the incumbrancers." (Italics ours.) Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

So far as the interests of the parties are concerned, there will be no difficulty in adjusting them properly when the facts are before the court.

[1] It is urged, however, that the bill goes beyond its proper scope and bounds when it attempts to charge alleged debts due from the respondent heirs to their mother, Nancy Stokes, against their share of the interest (apparently either two elevenths or one twenty-second) descended from her to complainant and respondent heirs in equal part, because that would involve an administration of the estate of Nancy Stokes, which, under the most liberal construction of our partition statutes, is wholly foreign to the scope of the bill.

The theory of the bill is that for any debts due to a decedent from his heirs and distributees a lien attaches to their interests in his lands, upon its descent to them, in favor of the other heirs and distributees—the adjustment of which falls within the quoted provisions of section 9334 of the Code, supra.

This proposition was given thorough consideration by this Court in Streety v. McCurdy, Adm'x, 104 Ala. 493, 16 So. 686, and the correctness of this theory and prayer of the instant bill was pointedly affirmed. Its application here is clearly authorized by the broad provisions of section 9334. The bill shows that all the debts of Nancy Stokes have been paid, and hence there can be no necessity for administration of her estate. We have examined all of the contentions made by counsel as to the insufficiency of the bill and find none that are meritorious.

[2] Section 6110 of the Code authorizes counsel to agree in writing upon an abstract of the record, by way of its abridgment on appeal. But no penalty is authorized in case counsel for either party should refuse to make such an agreement when proposed by the other. It appears that the answer and cross-bill of the respondent Fleming was wholly foreign to the issues and purposes of this appeal, and that it fills 11 of the 25 pages of the transcript of the proceedings. It should not have been included, but it was the duty of appellant's counsel to either instruct the register in that regard or else to have moved seasonably for the expunction of the unnecessary matter.

But such a motion must be promptly made at the first opportunity, and comes too late afterwards. Barr v. Collier, 54 Ala. 39, 44. No motion has been made in this case, and the question is not properly before us.

The decree of the circuit court will be affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

On Rehearing.

SOMERVILLE, J. [3] Conceding that the prayer of the bill seeks to charge the entire distributive interests of those respondents who are indebted to the estate of their mother, Nancy Stokes, with their respective debts, instead of their interests in that fraction of the lands descended from her—to which the equity of the charge is of course limited—yet this does not render the bill demurrable. In such a case the court will simply disregard the prayer, in so far as it prays for excessive relief, and decree according to the facts alleged and proved. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Pickens v. Clark, 203 Ala. 544, 84 So. 738.

The amendment to the bill of complaint does leave in doubt the disposition of the interest of John A. Stokes, but it sufficiently alleges, in the alternative, the interest of John A. or S. K. Fleming, as purchaser at execution sale. There will be no practical difficulty when the evidence is before the court.

[4] Counsel conceive that we are repudiating the rule announced in Martin v. Cannon, 196 Ala. 151, 71 So. 996, viz., that in a bill for the sale of land for distribution the respective interests of the cotenants must be alleged. But that case is clearly distinguishable from this. There the bill showed that the respondent owned an undivided three-fourths interest, and the three complainants jointly an undivided one-fourth, and there was nothing to show in what proportion they owned their fourth. Here the entire estate except Fleming's alternatively stated interest of one-tenth, came to the parties by descent, and, as matter of law—not of inference—it vested in equal parts in the heirs. Hence, on the facts alleged, the law determines the interest of each cotenant, which is a matter of mathematical computation merely. In such a case a specific allegation in figures is not essential. To require it would be a sheer technicality, which we can-

not sanction. We find no reason for changing our conclusions, and the petition for rehearing will be overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.