(118 So. 636)

**McLEOD et al. v. ADAMS.** (4 Div. 344.)

Supreme Court of Alabama. June 28, 1928.

Rehearing Denied Nov. 30, 1928.

Simmons & Simmons, of Opp, for appellants.

Baldwin & Murphy, of Andalusia, for appellee.

THOMAS, J. ▮ The provisions in the Code, § 6110 (Grand United Order, etc., v. Workman [Ala. Sup.] 117 So. 659[1]), or those of section 6095, do not relieve the appellants of the required duty of assigning errors according to the prevailing rules of law in this jurisdiction. Williams v. State, 215 Ala. 586, 112 So. 193; Stokes v. Stokes, 212 Ala. 190, 101 So. 885.

"An assignment of errors in the transcript on appeal is not dispensed with by the rule in respect of abstracts." Cottingham v. Armour Packing Co., 109 Ala. 421, 19 So. 842. The provisions for assignment of errors, Supreme Court Rules 1–4, vol. 4, Code, pp. 880, 881, or constructions thereof, Hall v. Pearce, 209 Ala. 397, 96 So. 608; Merchants' Bank of Mobile v. Zadek, 207 Ala. 84, 91 So. 815; Tuskaloosa Cotton-Seed Oil Co. v. Perry, 85 Ala. 158, 4 So. 635; Haney v. Conoly, 57 Ala. 179; Erwin v. Reese, 54 Ala. 589, or those for cross-assignment of errors or constructions thereof, section 6091, Code; Hames v. Irwin, 214 Ala. 422, 108 So. 253; P. B. Yates Mach. Co. v. Taylor, 215 Ala. 311, 110 So. 396, do not warrant our ignoring the rule or statute.

There being no assignment of errors indorsed on the record, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

### On Rehearing.

THOMAS, J. Insistence on reversible error was for the giving of the general affirmative charge for defendant. The rule as to this is well understood. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. · The trial in the circuit court is exhibited here by an agreed correct abstract of said cause, filed with the clerk of the circuit court in Covington county, of the venue of the action (section 6110, Code; Bush v. Hill Groc. Co., 212 Ala. 189, 101 So. 884; Williams v. State, 215 Ala. 586, 112 So. 193); and it is further agreed by respective counsel that "all the deeds set forth and mentioned in the evidence as herein noted· were regular and formal, and sufficient to convey the property therein set forth."

The suit was statutory ejectment. The pleas were general issue, adverse possession, and suggestion of a growing crop. The common source of title was the predecessor of B. F. McLeod, the father of plaintiff. The said B. F. McLeod died February 18, 1918.

[1] Ante, p. 37.

That there was a deed from said McLeod to his wife, Martha Ann McLeod, who died in July or December, 1901; that all of the plaintiffs here derived title by descent from the latter, and all were the children of the same; that the husband and wife did not occupy the lands, the homestead, at the time of her death, and all of said children had moved therefrom, going respectively with the father and mother, who had separated; the respective ages of plaintiffs were from 44 to 27 years at the time of suit or trial; that the father had the rent and control of the land until his death, and the deed from the father to the mother of date of December 16, 1895, was admitted in evidence; that the land was worth less than $2,000. Such is plaintiffs' evidence.

Defendant's evidence tended to show that the said B. F. McLeod was living on the land at the date of the death of "his wife"; that he had other lands, 80 acres. The defendant offered a deed from B. F. and Martha A. McLeod to Jackson Lumber Company, of date of August 2, 1893, recorded, etc., that was excluded on motion of plaintiffs for failure of acknowledgment, etc. Defendant introduced conveyance by B. F. McLeod of date of *March 19, 1903,* to Mizell & Benton Bros. to 40 acres of said land, and a conveyance from Susanna McLeod, the mother of B. F. McLeod, to Mizell & Benton Bros. of date of *March 17, 1903,* to the other 40 acres of the land. Thereafter there was conveyance from Mizell & Benton Bros. to Wiley Tidwell, by deed of date of August 20, 1903, to the 80 acres involved in the suit; that the latter went into the immediate possession thereof and paid taxes thereon until his sale to one Jackson. Defendant then introduced the deed of Tidwell to said J. H. Jackson of November 21, 1917, and latter went into immediate possession and paid taxes thereon, etc.

At this stage objection was made to "this evidence on the ground that B. F. McLeod is shown to have had only a life estate in the land," and the "objection was overruled for the time." After said B. F. McLeod died on February 18, 1918, there was conveyance, and it was offered in evidence, from J. H. Jackson and wife to H. F. Adams (the defendant), of the 80 acres, and it was of date of November 26, 1921. The suit was brought on February 10, 1925. Said Adams testified that he had immediate possession thereof and paying taxes thereon and claiming the ownership "as his own."

As to the 40 acres conveyed by Susanna McLeod to Mizell & Benton Bros., the statute of limitations would prevent a recovery; that is, if the agreement of counsel, that all deeds set forth were regular, formal, and sufficient to convey the property therein set forth, be according to the fact and law of such conveyance.

As to the other 40 acres, the statute of limitations would not prevent a recovery if the right, title, and possession of the husband, and those holding under him, would be referred to a life estate or curtesy of the husband; and, if that is so, it would not cease to exist until his death, on February 18, 1918. As to this phase of the case, it is the statute (section 2077, Code of 1896), wherein exemption to the minor child is allowed from the mother's estate and free from curtesy of the husband, that has application.

■■ The evidence shows it was the homestead of the wife at death. Abandonment is a question of intent. Involuntary or compulsory abandonment or absence will not work a forfeiture of such rights. Lewis v. Lewis, 201 Ala. 112, 77 So. 406; Sims v. Gunter, 201 Ala. 286, 78 So. 62; Carey v. Hart, 208 Ala. 316, 94 So. 298. The burden of proof is on the party who asserts a change, the domicile having been once acquired. It is presumed to continue until a change, facto et animo, is shown. Fuller v. American Co., 185 Ala. 512, 64 So. 549; Caldwell v. Pollak, 91 Ala. 357, 8 So. 546; Murphy v. Hunt, 75 Ala. 438. In Quinn v. Campbell, Adm'r, 126 Ala. 280, 28 So. 676, the holding was, under the Act of February 10, 1895, p. 1162 (Code of 1896, § 2077), that when the wife owns the homestead and personal property less in value or area than is exempt and dies, leaving a minor child and a husband, it being all the property she does own, it vests absolutely in the minor child without any administration or setting apart and upon the death of the infant it vests absolutely in the father, free from all debts of the deceased wife and mother.

This rule was adhered to and applied in the recent cases of Barton v. Laundry, 202 Ala. 10, 79 So. 308; Williams v. Massie, 212 Ala. 389, 102 So. 611; Bryant v. Perryman, 213 Ala. 561, 105 So. 561; Munchus v. Harris, 69 Ala. 506.

■ There is no question as between the several children of Mrs. McLeod. When the title vested in all the children who were minors in 1901, at and by the death of the mother, the husband took no right against them by curtesy, and the statute began to run from the date of the changed adverse and hostile possession by the grantees and successors we have indicated. And the several minor children were required to duly assert and maintain their right, title, and interest within 3 years from the expiration of their minority. Section 8960, Code of 1923; section 4846, Code of 1907; section 2807, Code of 1896. It is an express mandate of the statute that:

"No disability shall extend the period of limitations, so as to allow such action to be commenced or entry or defense made, after the lapse of 20 years from the time the cause of action or right accrued."

Thus the statute just cited did not suspend the statute of limitations nor lift the bar of

prescription, but the 3 years to the party under disability may be a part of the period necessary to create the bar. Black v. Pratt Co., 85 Ala. 504, 5 So. 89; Matthews v. Mc-Dade, 72 Ala. 389; Tayloe v. Dugger, 66 Ala. 444; Riggs v. Fuller, 54 Ala. 141.

█ Ejectment is possessory and all plaintiffs must be entitled to recover. Whitlow v. Echols, 78 Ala. 206; Dake v. Sewell, 145 Ala. 581, 39 So. 819; Salter v. Fox, 191 Ala. 34, 67 So. 1006; Crow v. Smith, 207 Ala. 311, 92 So. 905. Under the uncontroverted facts, the youngest child being 27 years and the oldest 40-odd years of age, the ruling of the trial court was not laid in error as to any portion of the land; hence it would be useless to grant the rehearing that due assignments of error may be made according to the rule. We may rest this ruling on the merits of the case. Moreover, the excuse for noncompliance of the rule is not sufficient.

The motion is overruled.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.