### MADDOX *vs.* BROWN.

1. The omission to aver, in a general count, for money had and received—a promise to pay on request, is not matter of substance.

2. The claim of a plaintiff cannot be defeated, on a conjecture as to the intention of the jury, in reference to their verdict—cases must be divested of doubt, to warrant a reversal of judgment.

3. The court will not infer from the words "pre-emption and floats," in a contract, that they refer to a pre-emption right under the acts of Congress; and that the contract is void, by reason of an inhibition of sale contained in those acts.

4. The only way in which this court can receive information of the evidence offered on a trial below; is by bill of exceptions, or demurrer to evidence.

Error to the County court of Benton county.

Debt on bond, alleged to be lost. The declaration contained two counts. The first was on a bond conditioned to make a title to land, when defendant obtained a pre-emption for the same, which bond was alleged to be lost; and the second charged a general indebtedness, without averring a promise to pay on request. Plea—general issue. Verdict and judgment for plaintiff.

The verdict was for five hundred dollars, the penalty of the bond: whereupon plaintiff relinquished two hundred dollars of the verdict, and judgment was entered up for the remaining three hundred dollars.

At a subsequent day, defendant moved the court in arrest of judgment, and for a new trial—for the following reasons:

Maddox *vs.* Brown.

Because the instrument on which the suit was brought was void;

Because there were two judgments;

Because the judgments did not agree with the verdict.

The motion was overruled by the court, and defendant excepted.

He now assigned for error:

1. The court erred in permitting the affidavit (of the plaintiff below,) of the loss of the instrument which is the foundation of this action, as evidence to establish its loss to the court and jury.

2. The court erred in entertaining jurisdiction of this cause, because the instrument sued on, was void *per se.*

3. The court erred in rendering a judgment varying from the verdict of the jury.

4. The court erred in rendering the judgment in this cause.

5. The court erred in not arresting the judgment rendered upon the motion of the plaintiff in error, made in the court below.


*Martin,* for plaintiff in error.
*Chilton,* contra.


GOLDTHWAITE, J.—No objections were made to the sufficiency of the declaration in the court below, by demurrer or otherwise, nor was the sufficiency of the evidence to sustain the action there questioned until after verdict; it thererore becomes material, to enquire how far the errors supposed to have been committed, can now be looked into. The statute declares, that no cause shall

be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings not previously objected to; *provided*, the declaration contain a substantia lcause of action, and a material issue be tried thereon—(Aik. Dig. 266.)

The declaration, in this case, contains two counts: one is framed on an instrument of writing in the form of a bond, with a condition, of which profert is excused on account of its loss: the other is a general count, for money had and received by the defendant to the plaintiff's use. The only defect in the latter, is the omission to aver a promise to pay on request. This omission cannot be regarded as matter of substance, especially after verdict, as the promise to pay is a mere legal inference, arising from the fact of indebtedness, and, in point of fact, has no existence in most cases.

It is supposed, by the plaintiff in error, that the jury, by the verdict returned by them, have negatived the idea, that they intended it to be general, and to be applied to both counts of the declaration; as they find for the plaintiff five hundred dollars debt, in the declaration mentioned, by way of damages, for the breach of his said contract. It is possible, that such may have been the intention of the jury, but we are not permitted to defeat the claim of the plaintiff in the court below, on a mere conjecture. If the plaintiff in this court wished to present his case for revision, it was his business to divest it of all doubt, as we cannot be expected to interfere to reverse a judgment, because it may possibly be erroneous.

If, however, we could pass around the verdict, and were called on to examine the first count of the declara-

Maddox *vs.* Brown.

ration, there is nothing in it, to raise a legal presumption, that the contract stated is invalid or illegal. We cannot infer, from the terms *pre-emption and floats*, that this contract must refer to a pre-emption right, under some one of the acts of Congress, or that it must necessarily be void or inoperative, by reason of any inhibition of sale contained in them. If it was important to the rights of the plaintiff in error to have a decision of these questions, the precise point should have been presented in the pleadings, or on a motion to instruct the jury on the points of law arising out of the evidence.

The same remarks will apply with full force to the affidavit of the loss of the instrument. It may or may not have been introduced in evidence to the jury as proof of the instrument, but it is certain, that the only way in which this court could receive information on this subject, is by a bill of exceptions, or demurrer to evidence.

There is no error in the judgment, and it is affirmed.