# White v. Roe.

*Assumpsit.*

(Decided Jun 6, 1907. 44 South. 211.)

1. *Exceptions; Bills of; Signature in Vacation.*—Where a bill of exceptions is signed by the judge in vacation, in the absence of some showing in the record that the time for signing was extended to be signed in vacation in a manner authorized by law, such bill will be stricken; General Acts 1903, p. 74, is amendatory of section 465, Code 1896, and has application only to appeals from probate court.

2. *Appeal; Agreed Statement of Facts; Necessity for Bill of Exceptions.*—An agreed statement of facts is no part of the record proper and must be presented by bill of exceptions to authorize this court on appeal, to review the trial courts conclusion thereon; this court can receive information of the evidence offered on the trial below by bill of exceptions only with the possible exceptions of cases of demurrer to evidence.

.APPEAL from Autauga Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Dock Roe against W. N. White. From a judgment for plaintiff, defendant appeals. Affirmed.

RUSHTON & COLEMAN, for appellant.—The amount in controversy being less than twenty dollars, the case was properly heard by the court without a jury.—Section 490, Code 1896. The facts having been agreed on, it is the duty of this court to either affirm the judgment of the lower court or to reverse and render such judgment as the lower court ought to have rendered.—*First Natl. Bank v. Chapin,* 118 Ala. 246; *Chandler, et al. v. Cros-*

*sin,* 126 Ala. 176.   Where a cause is submitted to the court upon an agreed statement of facts, and upon the facts thus specially stated and found to exist, the judgment is rendered there is a special finding of facts within the meaning of section 3319 which authorizes the appellate court to examine into the sufficiency of the evidence to support the judgment.—*LeBron v. Morris,* 110 Ala. 115.

MAC. A. SMITH, for appellee.—The bill of exceptions should be stricken because signed in vacation without an order extending the time.—*Dothan Bank v. Wiggins,* 40 South. 967; *Watt v. The State,* 40 South. 90; *Dant-·zler v. Swift Creek Mill Co.,* 128 Ala. 410; *Andrews v. Meadow,* 133 Ala. 442.   The agreed statement of fact is not a part of the record.   It is dehors the record.—6 Cyc. 805; 23 Ala. 349; 44 Ala. 252; 50 Ala. 258; 102 Ala. 584.

ANDERSON, J.—What purports to be a bill of exceptions in this case was signed by the judge after the adjournment of the court, and the record does not show that any time was given for the signing of same in vacation in such a manner as is authorized by law.   Gen. Acts 1903, p. 74, giving 20 days after the rendition of decrees, decisions, etc., for signing bills of exceptions, and authorizing an extension, is an amendment of section 465 of the Code of 1896, and which applies to appeals from the probate court alone.   The motion to strike the bill of exceptions is sustained, and, as no error is assigned to any rulings disclosed by the record proper, the judgment of the circuit court is affirmed.

Counsel for appellant contends that, as the case was tried by the court upon an agreed statement of facts, a bill of exceptions is unnecessary to enable us to review

the conclusions of the trial court upon the facts, and relies on the case of *Le Bron v. Morris,* 110 Ala. 115, 20 South. 57. This case does not support the contention, and an examination of the original record discloses the fact that the agreed statement of facts was presented by a bill of exceptions. The only way in which this court can receive information of the evidence offered on a trial below is by bill of exceptions, with perhaps the possible exception in case of a demurrer to the evidence, but with which said exception we are not now dealing.—*Maddox v. Brown,* 9 Port. 118. The agreed statement of facts is no part of the record proper. An agreed statement of facts is but one way of introducing evidence in the lower court, and must be presented to this court by a bill of exceptions.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.