[Western Union Telegraph Company v. Garthright.]

# Western Union Telegraph Co. v. Garthright.

### Damages for Delay in Delivery of Telegram.

#### (Decided June 6, 1907. 44 South. 212.)

1. *Action; Pleading; Misjoinder.*—In an action for a breach of contract to transmit a telegram, the complaint is not demurrable for misjoinder, although the first count alleged a negligent failure to deliver and the second a breach of the contract; the allegation of a negligent failure being merely descriptive of the breach complained of.

2. *Principal and Agent; Action by Principal; Complaint.*—Where it is alleged that plaintiff made a contract by and through her agent for the transmission of the telegram, a contract with the principal is sufficiently shown.

3. *Pleading; Complaint; Demurrer; Motion to Strike.*—Where a complaint sets up a good claim for actual damages the fact that the claim for special damages was not well pleaded or that such damages were not recoverable, cannot be reached by demurrer but must be reached by motion to strike, objections to evidence to sustain or by specific requested instructions.

4. *Exceptions, Bills of; Signing; Time.*—Where the bill of exceptions was signed by the judge after the adjournment of the court and he record does no show an order allowing time for signing in vacation, the bill of exceptions was not signed according to law and will not be considered.

APPEAL from Autauga Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Beulah Garthright against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This is an action for failure to deliver a telegram alleged to have been contracted to be delivered by defendant for payment through her agent, T. A. Shannon. The necessary allegation as to the business of the defendant was made. The telegram was as follows: "To J. A. Norton, care E. H. Norton, Alapaha, Ga. Come at once. Jim very low. (Signed) T. A. Shannon." It is

averred that, at the time of the filing of said message for transmission, plaintiff was a widow, having one child, a baby, by the name of Jim, and that she resided with her father, J. A. Norton, at Prattville, Ala.; that her father was on a visit to Alapaha, when her baby became seriously ill, and it was very necessary for her father to be there to assist her in caring for and nursing him, etc. It is alleged that the telegram was received at Alapaha, Ga., at 8 :25 a. m., June 5, 1906, and was not delivered until the following day, the 6th day of June, 1906, at 9 :35 a. m.   It is alleged that the defendant negligently and carelessly broke the contract in failing to deliver the message within a reasonable time, and as a proximate consequence of the same the plaintiff suffered great mental anxiety, trouble, and annoyance, mental pain and distress, etc., together with the cost of the telegram. The second count is very similar to the first count. The demurrers interposed are that the counts fail to allege that the defendant made any contract with the plaintiff to transmit the message, because said counts show on their face that the contract for the transmission of said message was made with Shannon, and because the count fails to set up any facts showing any actual, substantial damages to plaintiff to which mental anguish may be superadded, and because said counts claim damages for mental anguish alone, disconnected from any damages to person, estate, or reputation.

RUSHTON & COLEMAN, for appellant.—The complaint contained a misjoinder of causes of action.—*Blount v. Western Union Tel. Co.,* 126 Ala. 105; *W. U. Tel. Co. v. Henderson,* 89 Ala. 510; *W. U. Tel. Co. v. Wilson,* 93 Ala. 32.  The court erred in refusing to give charge 1 requested by appellant.—*W. U. Tel. Co. v. McCaul,* 90 S. W. 856.

[Western Union Telegraph Company v. Garthright.]

BALLARD & THOMAS, for appellee.—The bill of exceptions should be stricken.—Sections 616-617 and 903 subd. 8, Code 1896; Rule 30 Circuit Court Practice; *Dothan National Bank v. Wiggins,* 40 South. 967; *Dantzler v. Swift Creek Mill Co.,* 128 Ala. 410; *Andrews v. Meadow,* 133 Ala. 442. The court properly overruled the demurrer to the complaint for a misjoinder.—*Manker v. W. U. Tel. Co.,* 137 Ala. 292; *W. U. Tel. Co. v. Crumpton,* 138 Ala. 632; *W. U. Tel. Co. v. Whitson,* 41 South. 405. The complaint showed a contract with the plaintiff through her agents.—*W. U. Tel. Co. v. Manker,* 41 South. 850; *W. U. Tel. Co. v. Wilson,* 93 Ala. 35; *W. U. Tel. Co. v. Millsap,* 135 Ala. 415

ANDERSON, J.—Both counts of the complaint seek a recovery for a breach of the contract for the transmission of the message, and the complaint was not subject to the ground of demurrer proceeding upon the theory of a misjoinder. The first contains averments of a negligent failure to deliver the telegram, but this is merely descriptive of the mode in which the contract was broken.—*W. U. Tel. Co. v. Crumpton,* 138 Ala. 632, 36 South. 517.

The first count, as amended, avers that the contract for the transmission of the message was made with the plaintiff, through her agent, Shannon, and was not subject to the second ground of the demurrer as refiled to the other count after amendment.—*W. U. Tel. Co. v. Manker,* 145 Ala. 418, 41 South. 850; *W. U. T. Co. v. Wilson,* 93 Ala. 35, 9 South. 414, 30 Am. St. Rep. 23.

The third and fourth grounds of the demurrer relate to the claim of damages for mental anguish. The complaint sets out a good claim for actual damages, the toll paid.—*W. U. T. Co. v. Krichbaum,* 145 Ala. 409, 41

South. 16; *Westmoreland v. W. U. T. Co.*, 150 Ala. —, 43 South. 79. And if it did not set up a good claim for mental anguish, which we need not decide, it was not a demurrable defect. When the complaint makes out a cause of action for the recovery of any damages, but combines in addition thereto a claim for nonrecoverable damages, the proper way to rid it of the improper claim is, not by demurrer, but by motion to strike, objection to the evidence, or special instructions to the jury.—*Westmoreland's Case, supra; Kennon Brothers v. W. U. T. Co.*, 92 Ala. 399, 9 South. 200; *Daugherty v. A. U. T. Co.*, 75 Ala. 168, 51 Am. Rep. 435; *W. U. T. Co. v. Milton,* (Fla.) 43 South. 495.

The paper purporting to be a bill of exceptions cannot be considered, as it was not properly signed, and is controlled both in law and fact by the case of *White v. Roe,* 151 Ala. —, 44 South. 211.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.