# Goldstein *v.* Self.

*Assumpsit.*

(Decided May 22, 1913.   Rehearing denied June 19, 1913.
62 South. 369.)

1. *Damage; Pleading; Special Damages.*—Where the action was for breach of contract of employment to move a house, and the complaint, after setting out the contract and the breach, averred that plaintiff loaded and shipped his machinery to do the moving in accordance with the agreement, and after he had paid the freight, defendant notified him that he could not do the work, there were sufficient averments of special damages to give defendant notice of such claim.

2. *Same.*—Where the allegations are definite enough to fully apprise the opposite party of the probable evidence that will be introduced to sustain the allegation, and to enable him to prepare his defense accordingly, such allegations will be deemed sufficient, since the purpose of alleging special damages with particularity is to prevent surprise to the other party.

3. *Charge of Court; Request in Bulk.*—Where charges are requested in bulk and not separately, the court will not be put in error for refusing all of them, if any one is bad.

[Goldstein v. Self.]

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Action by A. J. Self against A. Goldstein for breach of contract. Judgment for plaintiff, and defendant appeals. Affirmed.

The bill of exceptions with reference to the charges states as follows: Thereupon defendant requested the court to given the following written charges, following which are charges 1 to 7, inclusive, together with the action of the court thereon. Charge 3 is as follows: "The court charges the jury that if you find for the plaintiff you can only assess nominal damages."

EVANS & PARRISH, for appellant. Where damages are in the nature of special damages the plaintiffs are not entitled to recover anything which they do not claim in their complaint.—*A. G. S. v. Tapia,* 94 Ala. 226; *Ross v. Malone & Sons,* 97 Ala. 530, 13 Cyc. 13. Under these decisions, plaintiff could not recover more than nominal damages. Proof without allegation is as impotent as allegation without proof.—*Capital Sec. Co. v. Holland,* 60 South. 498; *A. G. S. v. Cardwell,* 171 Ala. 274; 11 Enc. of Evid. 210. Counsel discuss charges refused, but without citation of authority.

GLENN & DEGRAFFENRIED, for appellee. No brief reached the Reporter.

WALKER, P. J.—It is contended in behalf of the appellant (defendant below) that the appellee could not have been entitled to recover anything more than nominal damages, as his complaint did not claim any special damages and the only damages which the evidence adduced tended to prove were special in their nature. One of the premises stated in the argument by

which this conclusion is sought to be supported is the claim that the complaint is to be read as averring no more than this: That the defendant orally agreed to pay the plaintiff $150 for the service to be performed by the latter in moving a certain house from one place to another, and that the defendant breached the contract, in that he refused to allow the plaintiff to move said house, although plaintiff was able, willing, and ready to move it pursuant to the contract. The complaint cannot be so read without ignoring the following averments contained in it: "And the plaintiff avers that in accordance with his agreement under said contract he loaded and shipped by a common carrier to Hurtsboro, Ala., all of his machinery and tools necessary for the removal of said house as aforesaid; that the plaintiff was ready, willing, and able to carry out his undertaking under said contract, and had taken the necessary steps towards his part of the performance of said contract when he was notified by the defendant, and after said machinery and tools had been shipped and after this plaintiff had paid the freight thereon, that the defendant would not permit the plaintiff to move said house as he had contracted to do." The purpose to be served by the rule under which a plaintiff is denied the right to recover special damages under a general averment of damage is the protection of the defendant against being taken by surprise in the trial. —*Alabama Great Southern R. Co. v. Tapia,* 94 Ala. 226, 10 South. 236. The defendant could not well have claimed that a complaint containing the averments above quoted gave him no notice that the plaintiff would attempt to prove that he sustained damages as the result of his loading his machinery and tools and having them shipped to Hurtsboro and paying the expenses thus incurred. And he made no such claim when the

plaintiff offered evidence tending to prove such items of damage.

As to the sufficiency of allegations of special damages it has been said: "Inasmuch as the purpose of alleging such damages with particularity is to prevent surprise to the opposite party, it may be broadly stated that when the allegations are definite enough to fully apprise such party of the probable evidence which will be introduced by the pleader, and to enable him to prepare his defense accordingly, the allegations will be deemed sufficient."—13 Cyc. 179. The rule just stated being the one generally applied when a defendant duly raises a question as to the sufficiency of the allegations of the complaint to let in evidence of special damages, it seems plain enough that a defendant who raised no such question by motion to strike or objection to evidence (*Western Union Telegraph Co. v. Garthright,* 151 Ala. 413 [44 South. 212]) cannot be heard to say that a complaint containing such allegations as these above quoted gave him no notice at all that the plaintiff would seek to recover as damages the amount of expenses incurred by him in having his machinery and tools moved "in accordance with his agreement." We are of opinion that the allegations of the complaint were such as to apprise the defendant of the probability of the plaintiff's offering evidence to prove the expenses incurred in having his machinery and tools moved, and that, as the question of the sufficiency of such allegations was not raised, such evidence could not properly have been treated as unsupported averments of the complaint, but was entitled to be considered by the jury as a basis for the assessment of damages. That evidence tended to prove that the plaintiff sustained substantial special damages as the result of the defendant's refusal to permit him to carry out the contract. It follows that the court

was not in error in refusing to given written charge 3 requested by the defendant.

Several of the charges requested by the defendant fall under the same condemnation; but any necessity for passing on each of them is dispensed with, as the bill of exceptions is to be understood as showing that all those charges were requested in bulk, and not separately, and as one of them was bad, the court cannot be put in error for refusing all of them.—*Stowers Furniture Co. v. Brake*, 158 Ala. 639, 48 South. 89; *Yeats v. State*, 142 Ala. 58, 38 South. 760.

What has been said disposes of the assignments of error which counsel for the appellant have undertaken to sustain by argument.

Affirmed. ·