(104 So. 517)

**CHAPMAN v. HARTFORD FIRE INS. CO.**
(6 Div. 446.)

(Supreme Court of Alabama. May 28, 1925.)

1. *Appeal and error* ⬤549(2)—Trial court's rulings cannot be presented by incorporating agreed statement of facts in record, but must be presented by bill of exceptions.

The question of waiver of default in payment of premium note on insurance policy cannot be presented by incorporating in record proper an agreed statement of facts, but, under Code 1923, §§ 9498, 9502, trial court's ruling and rendition of judgment can only be presented by bill of exceptions.

2. **Exceptions, bill of** ⬤49—Agreement of counsel cannot operate as bill of exceptions.

An agreement of counsel cannot operate as a bill of exceptions.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Action by Edna Chapman against the Hartford Fire Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

M. B. Curry, of Carrollton, for appellant.

In view of the decision, it is not necessary that brief of counsel be here set out.

Steiner, Crum & Weil, of Montgomery, and Patton & Patton, of Carrollton, for appellee.

No bill of exceptions appears in the record, and the action of the trial court will not be considered. White v. Roe, 151 Ala. 288, 44 So. 211; Clark v. McCrary, 80 Ala. 110; Williams v. Woodward Iron Co., 106 Ala. 254, 17 So. 517; Sou. Exp. Co. v. Black, 54 Ala. 177; Sou. Exp. Co. v. State, 10 Ala. App. 655, 65 So. 844; Code 1923, §§ 9498, 9502.

THOMAS, J. The pleadings in this suit on a policy of fire insurance were in short by consent, with leave to give in evidence matters which might be specially pleaded. The trial was upon an agreed statement of facts, by the court, without a jury, and judgment was for defendant.

[1, 2] The question of waiver of default in payment of premium note (Insurance Co. v. Williams, 200 Ala. 681, 77 So. 159), or election (Galliher v. State Mutual Life Ins. Co., 150 Ala. 549, 43 So. 833, 124 Am. St. Rep. 83; Rose v. Citizens' Ins. Co., 210 Ala. 72, 97 So. 81), cannot be presented by incorporating in the record proper the agreed statement of facts. The ruling of the trial court and the rendition of judgment in favor of defendant can only be presented under the facts to this court by bill of exceptions. Code 1923, §§ 9498, 9502; White v. Roe, 151 Ala. 287, 44 So. 211; Western U. T. Co. v. Garthright, 151 Ala. 413, 44 So. 212; Williams v. Woodward Iron Co., 106 Ala. 254, 17 So. 517; Stephenson v. Allison, 165 Ala. 238, 51 So. 622, 138 Am. St. Rep. 26; Clark v. McCrary, 80 Ala. 110; Southern Express Co. v. Black, 54 Ala. 177. An agreement of counsel cannot operate as a bill of exceptions.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

───────

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes