(112 So. 193)

## WILLIAMS v. STATE. (2 Div. 907.)

(Supreme Court of Alabama. March 24, 1927.)

1. **Appeal and error** ⊚⇒845(2)—**Statute authorizing review on agreed case held inapplicable to fact findings on conflicting evidence or rulings on evidence relating to disputed fact issue (Code 1923, § 6095).**

Code 1923, § 6095, does not authorize review of trial court on finding of facts based on conflicting evidence or admission or exclusion of evidence relating to disputed issue of fact, without certification of full record, but is limited to agreed case presenting questions of law as in case of special verdict or demurrer to evidence.

2. **Appeal and error** ⊚⇒553(1)—**Statute authorizing written agreement on abstract of record does not obviate necessity of incorporating evidence in bill of exceptions (Code 1923, § 6110).**

Code 1923, § 6110, authorizing written agreement on abstract of record, does not obviate necessity of making evidence part of record by bill of exceptions, but merely authorizes parties by written agreement to substitute abstract of record for complete transcript, thereby curtailing costs of appeal.

3. **Taxation** ⊚⇒495—**In absence of bill of exceptions properly presenting questions of validity of assessment, and payment of taxes, Supreme Court cannot disturb judgment.**

In absence of bill of exceptions properly presenting questions as to validity and regularity of tax assessment, which is mixed question of law and fact, and payment of taxes before initiation of proceedings for sale of property, which was disputed fact question, Supreme Court cannot disturb judgment appealed from.

Appeal from Circuit Court, Choctaw County; T. J. Bedsole, Judge.

Action by the State of Alabama against Cliff Williams. From a judgment for plaintiff, defendant appeals. Affirmed.

Gray & Dansby, of Butler, for appellant.

The agreed statement of facts is sufficient for the purposes of appeal; no bill of exceptions is required. Code 1923, §§ 6095, 6110.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., and R. P. Roach, of Mobile, for the State.

An agreement of counsel cannot operate as a bill of exceptions. Chapman v. Hartford F. I. Co., 213 Ala. 255, 104 So. 517; White v. Roe, 151 Ala. 287, 44 So. 211. The ruling of the trial court and rendition of judgment in favor of plaintiff can only be presented for review by a bill of exceptions. Code 1923, § 9498. The agreement in this case is not sufficient. Kirby v. Vann, 51 Ala. 221; Southern Express Co. v. Black, 54 Ala. 177.

BROWN, J. [1] Section 6095 of the Code 1923, which provides that "the parties in

any suit or proceeding whatever, in any circuit, county or probate court, may make an agreed case containing the points of law at issue between them, and file the same in such court; and the said agreed case, with the decision thereon, may be certified to the Court of Appeals or Supreme Court by the clerk of such court, without certifying any fuller record in the case; and upon such agreed case being so certified and filed in the Court of Appeals or Supreme Court, the appellant or plaintiff in error may assign errors, and the case shall then be proceeded with in the same manner as it might have been had a full record been certified to said Court of Appeals or Supreme Court," does not authorize the review of the trial court on the finding of facts based on conflicting evidence or the admission or exclusion of evidence relating to a disputed issue of fact, but is limited in its scope to an "agreed" case presenting questions of law as in case of a special verdict or demurrer to the evidence. 1 R. C. L. 777, § 2.

[2] Section 6110 of the Code which authorizes the parties to "agree in writing upon an abstract of the record in the case" does not do away with the necessity of making the evidence offered on the trial of a case at law a part of the record by bill of exceptions. The purpose and scope of this statute is to authorize the parties by written agreement to substitute an abstract of the record for a complete transcript, thereby curtailing the costs of the appeal.

[3] The question which the appellant seeks to present is the validity and regularity of the assessment of his property for taxes, a mixed question of law and fact, and whether or not the taxes were paid prior to the initiation of the proceedings for the sale of the property, a disputed question of fact, and in the absence of a bill of exceptions properly presenting these questions, this court is without authority to disturb the judgment from which the appeal is prosecuted. Chapman v. Hartford Fire Ins. Co., 213 Ala. 255, 104 So. 517; White v. Roe, 151 Ala. 287, 44 So. 211.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.