(116 So. 144)

## MORRIS v. BIRMINGHAM PUB. CO.
### (6 Div. 92.)

Supreme Court of Alabama.    March 22, 1928.

1. Appeal and error ⬡⇒519—Neither assumption of jurisdiction by trial court nor error in exercise of jurisdiction may be shown by agreement of counsel not incorporated in bill of exceptions.

Proper assumption of jurisdiction by trial court and error in its exercise of jurisdiction, when assumed, cannot be shown by agreement of counsel unless incorporated in bill of exceptions showing exception to judgment rendered by court without intervention of jury.

2. Judgment ⬡⇒903—Judgment for sum certain in money may be foundation of new action; "debt of record."

Judgment for sum certain in money is "debt of record," and as such may be made foundation for a new action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt of Record.]

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by the Birmingham Publishing Company against J. J. Morris, doing business as Southern Steam Carpet Cleaning Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Andress & McKee, of Birmingham, for appellant.

Counsel argue for error in the judgment appealed from but without citing authorities.

David J. Davis, of Birmingham, for appellee.

A ruling of the trial court and the rendition of a judgment by it on an agreed statement of facts can only be reviewed by the appellate court when there is a bill of exceptions, and cannot be presented by incorporating in the record proper the agreed statement of facts. Chapman v. Hartford Fire Ins. Co., 213 Ala. 255, 104 So. 517. The appellate court will not review a judgment rendered by the trial court unless an exception has been reserved thereto. Wallace v. Nor. Ala. Tr. Co., 145 Ala. 682, 40 So. 89.

SAYRE, J. [1, 2] The judgment which this appeal seeks to bring under review was rendered June 25, 1926. Our surmise is that the judgment was rendered on a complaint counting on a judgment for appellee against appellant rendered in 1916, but the record of the proceedings in the circuit court does not disclose the fact in such a way as to bring it to the judicial attention of this court. The transcript contains a copy of what we may say purports to be an agreement of counsel,

but it is not signed, nor, if it were signed, could the proper assumption of jurisdiction by the trial court nor error in its exercise of jurisdiction, when assumed, be shown by an agreement of counsel unless incorporated in a bill of exceptions showing an exception to the judgment rendered by the court without the intervention of a jury. Chapman v. Hartford Fire Ins. Co., 213 Ala. 255, 104 So. 517. We may add that, except in so far as the right has been restricted by statute, a judgment for a sum certain in money is a debt of record, and as such may be made the foundation of a new action. Ratchford v. Covington County Stock Co., 172 Ala. 461, 55 So. 806. But that avails nothing in this case for the reason that the record before us presents nothing for review. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.