(134 So. 132)

## JERRELL v. EQUITABLE LIFE ASSUR. SOC. et al.

5 Div. 86.

Supreme Court of Alabama.

April 23, 1931.

E. T. Moon, of La Grange, Ga., and D. W. Jackson, of Lafayette, for appellant.

Howze & Brown, of Birmingham, and Denson & Denson, of Opelika, for appellees (defendant and intervener, respectively).

GARDNER, J.

This cause was submitted in the court below on an agreed statement of facts, resulting in a judgment in favor of the Roanoke Banking Company as intervener, the rights of which were based upon an assignment of the policy sued upon to said bank by the insured. It may be here noted that since the rendition of said judgment the above-named bank has ceased to do business and its affairs are now being administered by the superintendent of banks, who, by agreement of all parties, is substituted as a party to the cause in lieu of the Roanoke Banking Company. To review said judgment plaintiff prosecutes this appeal only upon the record, and without a bill of exceptions.

■ The agreed statement of facts not being incorporated in a bill of exceptions cannot therefore be here considered under the well-settled rule of our decisions. Chapman v. Hartford Fire Ins. Co., 213 Ala. 255, 104 So. 517; Morris v. Birmingham Pub. Co., 217 Ala. 295, 116 So. 144; Williams v. State, 215 Ala. 586, 112 So. 193; White v. Roe, 151 Ala. 287, 44 So. 211.

The provisions of section 6095, Code 1923, for an "agreed case" were intended to correspond with the old practice where such agreement served as a substitute for an action, and where the agreed case takes the place of pleading as well as evidence. As stated in 37 Cyc. 347, such an agreed case "is entirely different from an agreed statement of facts used merely as evidence upon the trial, which is simply the result of an agreement of the parties as to what the evidence in the case will prove." See, also, 37 Cyc. 353; 1 Supp. R. C. L. p. 260; 1 R. C. L. 777; Peters v. Farmers' State Bank, 106 Kan. 1, 185 P. 892, 8 A. L. R. 1172. The distinction was likewise noted by this court in Williams v. State, supra.

■■ The only question presented here for review is the action of the court in rendering

688

judgment in favor of the intervenor upon the proof. In the absence of a bill of exceptions, no evidence is before us for consideration (authorities, supra) and manifestly this court is in no position to review the judgment so rendered.

It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.