126 So.2d 94

**Jimmie RENDER**

v.

**Floyd MANN, as Director, Department of Public Safety.**

6 Div. 660.

Supreme Court of Alabama.

Jan. 12, 1961.

Morel Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

On July 19, 1959, Jimmie Render, of Jefferson County, Alabama, was involved in an automobile collision near Morrisburg, Tennessee. Render was the driver of one of the automobiles. The other automobile sustained considerable damage.

Render did not comply with the Financial Responsibility Law of Tennessee "by showing insurance coverage; by filing a general release; by depositing cash, certified check or money order; or by posting bond in the amount of $3,940.00." Because of his failure to so comply with the Financial Responsibility Law of Tennessee, Render's "privileges" to operate a motor vehicle in the State of Tennessee were revoked as of January 20,.1960, by an official of the Department of Safety of Tennessee, who notified Render that "a copy of this notice has been sent to the Financial Responsibility Division of your State for appropriate action." Render was further advised by the Tennessee official that: "If you show Financial Responsibility in conformance with our law within two years, your out-of-state operating privileges will be restored. If at the end of two years you show that there is no unsatisfied judgment outstanding against you, your privileges will be restored."

On February 2, 1960, the Director of the Department of Public Safety of Alabama issued an order under the terms of which Render was advised that because of his failure to post security with the "Safety Responsibility Unit of the State of Tennessee" following his accident in Tennessee on July 19, 1959, his Alabama driver's license, registration certificate ·and license plates were suspended. The order contained the further provision that: "Case must be cleared with Tennessee authorities before suspension can be lifted."

From the order of February 2, 1960, Render appealed to the Circuit Court of Jefferson County, where a judgment was rendered on October 5, 1960, upholding the order of the Alabama Director of Public

Safety. Render has appealed from that judgment of the Circuit Court. See § 2 (b) of Act 704, approved September 5, 1951 (effective as of January 1, 1952), Acts of Alabama 1950–51, p. 1224. Act 704, which the Legislature has said may be cited as the Motor Vehicle Safety-Responsibility Act, is included in the 1955 Supplement to Volume 6 of the 1940 Code of Alabama and in Michie's 1958 "Recompiled" Code as §§ 74(42)–74(83), Title 36. We refer to the 1958 Code as a "Recompiled" Code inasmuch as we do not understand that it has as yet supplanted the 1940 Code as the official Code of the State of Alabama. Although not pertinent to this opinion, we call attention to the fact that Act 704, supra, was amended in certain respects by Act 72, approved June 18, 1959, Acts 1959, Volume I, p. 478.

Section 8(c) of Act 704, supra (§ 74(49) (c), Title 36, Michie's Code, supra), reads:

> "Upon receipt of such certification that the operating privilege of a resident of this state has been suspended or revoked in any such other state pursuant to a law providing for its suspension or revocation for failure to deposit security for the payment of judgments arising out of a motor vehicle accident, under circumstances which would require the director to suspend a nonresident's operating privilege had the accident occurred in this state, the director shall suspend the license of such resident if he was the operator, and all of his registrations if he was the owner of a motor vehicle involved in such accident. *Such suspension shall continue until such resident furnishes evidence of his compliance with the law of such other state relating to the deposit of such security.*" (Emphasis supplied.)

The provisions just quoted were apparently overlooked by counsel for appellant, who asserts in brief that the Director of Public Safety of Alabama is without legislative authority to suspend the Alabama driver's license, registration certificates and license plates of an Alabama resident because of his failure to comply with the financial responsibility laws of another state following an automobile accident in such other state.

The period of such a suspension is governed by that part of § 8(c), of Act 704, supra, which we italicized above and the period of such a suspension is not in any way governed by the provisions of § 7 of Act 704, supra, as amended (§ 74(48), Title 36, Michie's Code, supra), as contended by counsel for appellant.

We find no merit in the grounds for reversal as asserted by appellant. It follows that the judgment of the Circuit Court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.