201 So.2d 650

**Grady MOODY**

**v.**

**STATE.**

**4 Div. 571.**

Court of Appeals of Alabama.

May 9, 1967.

Rehearing Denied June 27, 1967.

Jas. A. Mulkey, Geneva, for appellant.

MacDonald Gallion, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The Probate Court of Geneva County, Alabama, denied a writ of habeas corpus which was filed by Grady Moody against D. T. Braxton, Sheriff of Geneva County. This is an appeal from that judgment.

A warrant purportedly issued by a member of the Florida Probation and Parole Commission states:

"Having reasonable cause to believe that Grady Moody, Pr:69754 a prisoner of the State of Florida, paroled from Florida State Prison and now in the legal Custody of the Florida Probation and Parole Commission has violated the terms and conditions of his parole or has lapsed, or is probably about to lapse, into criminal ways or company, now, therefore pursuant to the provisions of Section 16, Chapter 20519, Laws of Florida, 1941, I hereby order that said prisoner be retaken and brought before me for examination as provided in said Section, and I hereby authorize and require you to retake him and for so doing, this shall be your sufficient warrant.

/s/ Raymond B. Marsh,
Member of Florida Probation
and Parole Commission"

Appellant contends that before the receiving state can allow the sending state to retake appellant, it must appear that the parole of appellant has been revoked.

We shall not here decide this question for a study of this proceeding reveals that the demands asserted by the State of Florida herein emanate from the document purporting to be a warrant signed by one "Raymond B. Marsh, Member of Florida Probation and Parole Commission" ordering that appellant be retaken and brought before him for examination as provided by Section 16, Chapter 20519, Laws of Florida, 1941.

The following stipulation appears on page 10 of the record:

"Ex Parte GRADY MOODY

CASE NUMBER 78

IN THE PROBATE
COURT OF GENEVA
COUNTY, ALABAMA

"It is agreed that this cause be submitted to Judge J. P. Faulk, Jr., Judge of the Probate Court of Geneva County, Alabama, for a decision thereon upon the following:

1. The Petition of the Petitioner.
2. The Writ of Habeas Corpus issued to Honorable D. T. Braxton, Sheriff of Geneva County, Alabama.
3. The return to the Writ with the Exhibit annexed thereto.
4. The Motion to strike the Return of the Sheriff.
5. The Order of the Court denying the Motion to strike.
6. Answer of the Petitioner to a Writ to the Return.

"And in addition this cause is submitted upon the following stipulation of facts:

1. There are present in Court the following: Grady Moody, Petitioner; William M. Cheshire, Parole Supervisor of the State of Alabama; Honorable Edward W. Boswell, District Attorney, Circuit Court of Geneva County, Alabama; Honorable J. P. Faulk, Jr., Judge of the Probate Court of Geneva County, Alabama; D. T. Braxton, Sheriff of Geneva County, Alabama; James A. Mulkey and Jack W. Smith, Attorneys for the Petitioner; R. C. Henderson, who is the proper party directed to re-take the prisoner from Alabama back into the State of Florida.

2. That it is agreed and stipulated by and between the parties that a compact between the Governors is authorized by the statute existing between the State of Florida and the State of Alabama.

3. It is agreed that Mr. Henderson, the Officer directed to take the person involved is a duly accredited Officer of the State of Florida.

4. It is agreed that Grady Moody, is in fact a probationer or parolee of the State of Florida and is a person sought to be apprehended.

5. It is further agreed that the sending State, that is the State of Florida has not revoked the probation or parole of Grady Moody, the person apprehended who is now in the custody of D. T. Braxton, Sheriff of Geneva County, Alabama.

"Done and dated on this the 25th day of February, 1966.

| /s/ Edward W. Boswell | /s/ Jack W. Smith |
| DISTRICT ATTORNEY | ATTORNEY FOR GRADY MOODY |
| /s/ D. T. Braxton | /s/ James A. Mulkey |
| SHERIFF OF GENEVA COUNTY, ALABAMA | ATTORNEY FOR GRADY MOODY" |

This stipulation appears to attempt to simplify the issues involved by stipulating and agreeing to numerous requisites pertaining thereto, proof of which would otherwise be necessary. However, the stipulations do not include an agreement that the purported warrant is true and authentic and is to be admitted in evidence without proof as required by law. The purported warrant is not properly exemplified and has not been certified as provided by the laws of the State of Alabama. For this reason it should not have been received as evidence in the court below and for the same reason it cannot now be considered by this court on appeal.

Sec. 393, Tit. 7, Code of Alabama, 1940, provides as follows:

"All transcripts of books or papers or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant, or employee of any municipality, city, county, or of the State of Alabama, or of the United States, when certified by the proper custodian thereof, must be received in evidence in all courts * * *"

We observe that the document purporting to be a warrant herein set out and purportedly signed by "Raymond B. Marsh, Member of Florida Probation and Parole Commission" has not been authenticated or proved in compliance with Tit. 7, Sec. 432, Code of Alabama, 1940, which reads as follows:

"Sec. 432 (7719) Manner of proving certain official documents.—As an additional or alternative mode of proof, the following documents may be proven as follows:

"1. Acts of the executive of this state, by the records of the state department of the state; and of the United States, by the records of the state department of the United States, certified by the heads of these departments respectively. They may also be proved by public documents printed by order of the legislature or congress, or either house thereof.

"2. The proceedings of the legislature of this state, or of congress, by the journals of those bodies respectively, or either house thereof, or by published statutes, or resolutions, or by copies certified by the clerk or printed by their order.

"3. The acts of the executive, or the proceedings of the legislature of a sister state, in the same manner.

"4. The acts of the executive, or the proceedings of the legislature of a foreign country, by journals published by their authority, or commonly received in that country as such, or by a copy certified under the seal of the country or

sovereign, or by a recognition thereof in some public act of the executive of the United States.

"5. Acts of a municipal corporation of this state, or of a board or department thereof, by a copy, certified by the legal keeper thereof, or by a printed book published by the authority of such corporation.

"6. Documents of any other class in this state, by the original, or by a copy certified by the legal keeper thereof.

"7. *Documents of any other class in a sister state, by the original, or by a copy, certified by the legal keeper thereof, together with the certificate of the secretary of state, judge of the supreme court, court of appeals, circuit or probate court, or mayor of a city of such state, that the copy is duly certified by the officer having the legal custody of the original.*" (Emphasis ours—applicable in the case at hand.)

■ For the lack of compliance with paragraph 7 above, we hold that the purported warrant is not duly certified and cannot, therefore, be received in evidence. This cause is, therefore, due to be and the same is

Reversed and remanded.

PRICE, Presiding Judge (dissenting).

Tit. 42, Sec. 27, Code of Alabama, 1940, provides that no formalities will be required of a sending state for retaking any person on probation or parole other than establishing the authority of the officer and the identity of the person to be retaken. These facts were established here. I am of the opinion the judgment entered by the court below is correct and should be affirmed. I, therefore, respectfully dissent.

On Rehearing

JOHNSON, Judge.

The life giving and moving force behind the main proceedings before us is the warrant, and there was here no stipulation or proof of its legality or authority. The identity of Mr. Henderson as an Officer of the State of Florida was "agreed", and it was further agreed that he was the party authorized to return the appellant to the State of Florida. It was also agreed that Grady Moody is the probationer or parolee of the State of Florida and the person sought to be apprehended. However, there was no proof as to the validity of the warrant under which Henderson's authority arose. ·

A warrant, as defined by the 4th Edition of Black's Law Dictionary, page 1756, is "a writ or precept" issued by "competent authority". Precept is defined in Black's Law Dictionary as "order or direction". The "competent authority" on this warrant is one Mr. Marsh, designated as a "Member of Florida Probation and Parole Commission".

Tit. 42, Sec. 27, Code of Alabama, 1940, states that "no formalities" are required between the states except the identity of the "person to be retaken" and the "authority of the Officer".

The record contains no proof that Raymond B. Marsh was a member of the Florida Probation and Parole Commission, and the official under the laws of the State of Florida clothed with the legal authority to issue such warrant.

This court has not gone beyond or behind the "agreed" stipulations of the trial court and, in fact, recognizes and accepts for full value the facts that were stipulated. It would also have recognized and given full value to the facts, had they been stipulated in the record, of the official status and authority of Raymond B. Marsh who signed the warrant.

Because of the failure to so stipulate in the record and the importance thereof, such must be proven as provided by Tit. 7, Sec. 432, par. 7, Code of Alabama, 1940, which reads:

"Documents of any other class in a sister state, by the original, or by a copy,

**30**

certified by the legal keeper thereof, together with the certificate of the secretary of state, judge of the supreme court, court of appeals, circuit or probate court, or mayor of a city of such state, that the copy is duly certified by the officer having the legal custody of the original."

■ After a careful perusal of Williams v. State, 215 Ala. 586, 112 So. 193, we find no factual analogy between the situation therein and the case at bar. We certainly find no authority in *Williams,* supra, which would eliminate the necessity for some sort of certification of the warrant in this cause by the State of Florida and signed by Mr. Marsh such as required by Tit. 7, Sec. 432, Code of Alabama, 1940. Neither, in our judgment, should the issuance of a warrant in proceedings of this nature fall within the category of Tit. 42, Sec. 27, Code of Alabama, 1940, which provides as follows:

"* * * no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. * * *"

As we have heretofore stated, the warrant is an indispensible order to generate life or legal existence in proceedings of this kind and is, therefore, certainly more than a mere formality.

■ Appellee also contends that this court should decide the question of whether "the sending State conduct an ex parte revocation of the probation before the receiving State can legally send him back?" We think not. Tit. 42, Sec. 27, Code of Alabama, 1940, also states in part as follows:

"The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state."

This State cannot question Florida's actions if they wish to retake appellant and no ex parte revocation is necessary or questionable from Alabama. For the reasons herein set out, this application is due to be and the same is hereby overruled.

Application overruled.