203 So.2d 703

James E. **BALENTINE**

v.

**STATE.**

**8 Div. 82.**

Court of Appeals of Alabama.

Nov. 7, 1967.

**138**

Bryce Graham, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was convicted in the County Court of Lauderdale County, Alabama for operating a motor vehicle while his license was suspended, in violation of Tit. 36, Sec. 70, Code of Alabama, 1940, as amended. He was arraigned on the same charge in the Circuit Court of Lauderdale County upon his appeal. On a plea of not guilty, he was tried and convicted of the same offense and fined $125.00 and costs. Failing to pay or confess judgment for the fine and costs, he was sentenced to sixty-five days in the county jail. Upon the court's overruling of his motion for a new trial, appellant appeals to this court.

The Code section, supra, was expressly referred to in the District Attorney's complaint. It reads:

"Section 70. Any person whose driver's or chauffeur's license issued in this or another state, or whose driving privilege as a non-resident, has been cancelled, suspended or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while such license or privilege is cancelled, suspended, or revoked, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five dollars, nor more than five hundred dollars, and in addition thereto may be imprisoned for not more than thirty days. Also at the discretion of the director of public safety such person's license may be revoked for an additional revocation period of six months." Acts 1951, pp. 1534–1535.

"[S]uspended * * * as provided in this article" refers to Article 1 of Chapter 2 of Title 36 of the official Code, as amended, in accord with the Constitution, particularly Sec. 45. Thus Article 1 embraces Secs. 59–74.

Michie's 1958 Code purports to add to said Article Secs. 74(42)–74(83). This material, however, has not been enacted by the Legislature into Article I of Chapter 2 of Title 36 of the 1940 Code. See Render v. Mann, 271 Ala. 558, 126 So.2d 94, where we find Mr. Justice Lawson saying:

"* * * Act 704, which the Legislature has said may be cited as the Motor Vehicle Safety-Responsibility Act, is included in the 1955 Supplement to Volume 6 of the 1940 Code of Alabama and in Michie's 1958 'Recompiled' Code as §§ 74(42)–74(83), Title 36. We refer to the 1958 Code as a 'Recompiled' Code inasmuch as we do not understand that it has yet supplanted the 1940 Code as the official Code of the State of Alabama. * * *"

Thus, under Sec. 70, as amended, proof of violation of Sec. 32(c) of the Motor Vehicle Safety-Responsibility Act, Act 704, September 5, 1951, would be irrelevant. Under Sec. 8(c) a license can be suspended merely on proper proof of suspension in another state "for failure to deposit security for the payment of judgments arising out of a motor vehicle accident, *under circumstances which would require the director to suspend a non-resident's operating privilege had the accident occurred in this state * * *.*" (Italics added.)

The State proved, though not under the best evidence rule, that Balentine had had an automobile accident in Tennessee. Moody v. State, 44 Ala.App. 26, 201 So.2d 650. However, the record was devoid of any proof that the accident came under the Tennessee Safety-Responsibility Act.

Foregoing any further discussion of the Safety-Responsibility Act, we note that under the pertinent provisions of Article 1 of Chapter 2, supra, to suspend a driving license, it is necessary to prove a conviction in a foreign state. Also the conviction must be for "any offense therein which, if

committed in this state, would be grounds for suspension * * *." Code 1940, T. 36, Sec. 68, fifth sent.

Alternatively, under the eleventh sentence of Sec. 68, supra, the Director "upon a showing by court records or other sufficient evidence" may suspend a license for an offense committed in another state if it would also be a ground for suspension in Alabama.

Neither of these modes of suspension under Sec. 68, supra, were proved by the prosecution. Even if we were to concede that the fact of the State of Tennessee had suspended Balentine's driver's license, yet the State of Alabama failed to show that its suspension was under Sec. 68, supra. Additionally, we also think it too meagre for a violation of the Safety-Responsibility Act.

The judgment in this cause is due to be and the same is hereby

Reversed and remanded.